ALPHEUS SANFORD *vs.* HAMPDEN PAINT AND CHEMICAL COMPANY.

Suffolk.    November 23, 1900. — May 22, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Insurance, Fire,* Mutual companies, Assessments.    *Limitations, Statute of,* Rule of construction.

The receiver of an insolvent mutual fire insurance company filed a petition to levy an assessment on policy holders including the defendant, a former policy holder whose policy had expired more than one year but less than two years before he was notified of the assessment. When the petition for an assessment was filed the provision of St. 1894, c. 522, § 48, was in force, that no assessment should be valid against a person who had not been notified thereof within two years after the expiration or cancellation of his policy. While the matter of the assessment was before an auditor, St. 1897, c. 197, § 2 was passed amending this provision by changing the words "two years" to "one year." *Held,* that the change in the limitation could not have been intended to apply to pending assessments and that this assessment could be enforced.

It is the uniform rule of construction for statutes of limitation, that a statute short-

ening the period for enforcing a liability is not held applicable where the result would be to deprive one of the right to enforce a claim without a reasonable time to act before being barred.   Per HAMMOND, J.

CONTRACT by the receiver of the Melrose Mutual Fire Insurance Company to enforce an assessment of $162.44 on two policies of that company formerly held by the defendant which expired respectively on August 24 and September 3, 1895. Writ dated January 17, 1898.

The case was heard in the Superior Court on an agreed statement of facts by *Fessenden*, J., who found for the plaintiff and assessed the damages in the amount of $183.23 and ordered judgment for that amount.   From this judgment the defendant appealed.

The agreed facts were as follows: The plaintiff was appointed receiver of the Melrose Mutual Fire Insurance Company by decree of the Supreme Judicial Court, on November 26, 1895. On January 22, 1897, the receiver petitioned the court for an order to levy an assessment upon the policy holders of the company.   In response to his petition the court, on February 19, 1897, appointed James Russell Reed, Esquire, of Boston, auditor, to examine the books of the company and report to the court.   In compliance with the decree appointing him, the auditor, on February 24, 1897, mailed notices to the policy holders of a public hearing to be had before him on March 10, 1897, at No. 68 Devonshire Street, in Boston, and duly published notice of the hearing in the newspapers.   The hearing was had and was continued from time to time, and on March 31, 1897, the auditor filed his report with the court, authorizing an assessment of $43,420.77.   On April 7, 1897, an order of notice was issued by the court on the auditor's report, and the order was duly returned to court.   On April 23, 1897, the court decreed that an assessment of $40,420.77 be levied against the policy holders, to be voted by the directors of the company.   On May 7, 1897, the directors of the company, in compliance with the decree, voted an assessment of $40,420.77. A certified copy of the vote was filed with the court on May 12, 1897.   On the same day, the receiver petitioned the court for a ratification of the assessment, and on that day the court issued a decree ratifying the assessment.   On July 27, 1897, the receiver

petitioned the court to confirm a supplemental assessment consisting of the itemized assessment against each policy holder in the company, and on that day the court issued an order of notice on the petition. On August 13, 1897, the court ratified the supplemental assessment.

On May 20, 1897, the receiver mailed notices to all the policy holders, including the defendant, calling attention to the amount of the assessment levied against each of them and demanding payment thereof. By St. 1897, c. 197, § 2, approved March 24, 1897, the Legislature amended the third paragraph of St. 1894, c. 522, § 48, so as to read as follows : " No assessment shall be valid against a person who has not been duly notified thereof within one year after the expiration or cancellation of his policy." The section amended required notification within two years.

The defendant, the Hampden Paint and Chemical Company, had a policy in the Melrose Mutual Fire Insurance Company that expired on September 3, 1895, and another one that expired on August 24, 1895. These policies were assessed by the receiver and this action was brought for the collection of the assessment.

*W. B. Stone*, for the defendant, submitted the case on a brief.
*T. M. Vinson*, for the plaintiff.

HAMMOND, J. The sole question is, whether St. 1897, c. 197, § 2, is applicable to the assessment for the collection of which this action is brought. Unless it is, the plaintiff is entitled to judgment on the finding.

In November, 1895, the plaintiff was duly appointed a receiver of the Melrose Mutual Fire Insurance Company in a suit in equity instituted, for the purpose of winding up the affairs of the company, upon the ground that its condition was such as to render its further proceedings hazardous to the public and to its policy holders; and, on January 22, 1897, he, as such receiver, filed in court a petition setting forth that the liabilities of the company greatly exceeded its assets, and asking for an order to levy an assessment upon the policy holders. Upon the petition, the court, on February 19, 1897, appointed an auditor to hear all parties interested, and to report upon the correctness of the proposed assessment and all matters connected therewith, either of law or of fact. The auditor notified the policy holders to appear

at a public hearing to be had before him on March 10, 1897; and on that day the hearing was begun, and was continued from time to time until, on March 31, 1897, the auditor filed his report; whereupon, such proceedings were had as that, on May 7, 1897, an assessment was voted by the directors of the company in compliance with an order from the court, and on May 12, 1897, was duly ratified by the court; and, on May 20, notice thereof was given to the policy holders, including the defendant. The defendant was assessed upon two policies, one of which had expired August 24, 1895, and the other on September 3, 1895. St. 1897, c. 197, was passed March 24, 1897, and took effect on its passage.

Upon an examination of the foregoing dates, it is seen that the policies of the defendant had both expired more than one year before the receiver filed his petition for an assessment, but less than two years before the assessment was confirmed by the court, and notice thereof given to the defendant, and that the statute in question was passed while the auditor was hearing the case.

As a policy holder, the defendant became a member of the insurance company, and, as such, liable to an assessment for the payment of all just claims accruing against it during the continuance of the policies, or either of them; and the liability continued, notwithstanding the expiration of the policies. This liability was imposed by the statute upon the policy holder for the benefit of the other policy holders, and other creditors of the company. It was a part of the fund to which each of the other policy holders was entitled to resort for the payment of his own loss as well as for help in paying the loss of another. This obligation to contribute, if necessary, to pay the loss sustained by any other member, although created by statute, was of a contractual nature, and was a part of the contract between each stockholder and the company.

At the time the insurance company was enjoined from the further prosecution of its business and the receiver was appointed to wind up its affairs, the law was that no assessment should be held valid against a policy holder unless he was duly notified thereof within two years of the expiration or cancellation of his policy. St. 1894, c. 522, § 48. Under this statute,

the court, at a time well within two years from the expiration of the defendant's policies, commenced proceedings with a view to levy an assessment, and, while the auditor was engaged in hearing the case, St. 1897, c. 197, was passed. The second section, being the one under consideration, provides that no assessment " shall be valid against a person who has not been duly notified thereof within one year after the expiration or cancellation of his policy." The only change it made in the law was the substitution of one year for two years as the time within which the member should be notified of the assessment. The statute took effect upon its passage. It is in substance a statute of limitations. It shortens the time within which a statute liability of a contractual nature may be enforced, and it provides no time within which the liability which has existed for more than one year and less than two can be enforced. If applicable to this case, the company having the right to enforce such a liability, and relying upon the law that it may enforce the same at any time within two years, suddenly and without previous warning is deprived of all right to enforce it. In such a case, the statute does more than merely set a time within which the existing liability shall be enforced, or the right to enforce it be barred. It destroys the liability. Thus interpreted, it is not a statute of limitations, but a denial of justice.

Such an interpretation is not consistent with the general rule by which statutes of limitations are to be construed. Whenever the time within which the right to enforce a liability is shortened by a statute, the uniform construction is to hold it not applicable where the result would be to deprive one of the right to enforce a claim without a reasonable time to act before being barred.

As stated by Shaw, C. J., in *Brigham* v. *Bigelow*, 12 Met. 268, 273, " If, indeed, the legislature should declare that a period already elapsed should bar an action, this would be, under color of regulating, arbitrarily to take away all remedy, and in effect to destroy the contract, within its jurisdiction, and would be a mere abuse of power, not to be anticipated from any legislature." Although this language was used in a case concerning a private contract, and although the liability sought to be enforced in this action is one created by statute, still we think the same

principle of construction applies.  It was not the intention of the statute to repeal the law establishing the liability of a policy holder, but simply to regulate the time within which it should be enforced, and the statute should be so interpreted as thus to regulate, and not to destroy.  It is not applicable to a case like this.  For cases bearing upon these principles of construction, see *Call* v. *Hagger*, 8 Mass. 423; *Smith* v. *Morrison*, 22 Pick. 430; *King* v. *Tirrell*, 2 Gray, 331; *Bigelow* v. *Bemis*, 2 Allen, 496, 497, and cases therein cited.

The decision, to which we have come upon this question, renders it unnecessary to consider whether the defendant is not concluded by the judgment of the court, in which the proceedings were had, confirming the assessment.

*Judgment for the plaintiff.*