GREEN v. BARRETT.

(Circuit Court, D. Massachusetts. April 2, 1903.)

No. 29.

1. ABATEMENT AND REVIVAL—FEDERAL COURTS—STATE STATUTE OF LIMITA-
   · TIONS.

   The right of a plaintiff, in an action at law for infringement of a patent, to a scire facias to revive the action against the executor of a deceased defendant, as provided for by Rev. St. § 955 [Comp. St. 1901, p. 697], is subject to the limitation imposed by the state statute upon suits against executors, for the purpose of facilitating the settlement of estates.

At Law. On motion for writ of scire facias to revive action.

Daniel L. Smith, for plaintiff.
H. H. Barrett, for executrix.

PUTNAM, Circuit Judge. This is a suit at common law for an alleged infringement of a patent for an invention issued to the plaintiff. The defendant, Henry Barrett, died on the 23d day of December, 1892. ·The plaintiff now moves that a writ of scire facias issue to the exec-·utrix of Henry Barrett, reviving the suit in accordance with section ·955 of the Revised Statutes [U. S. Comp. St. 1901, p. 697]. The ·question is whether the limitation provided by the Public Statutes of Massachusetts, 1882, c. 165, §§ 5–8, as re-enacted in the Revised Laws, 1902, c. 171, §§ 5, 6, applies.

The executrix has, by leave of court, appeared specially, objecting to the issuing of the scire facias, and also asking for the dismissal of the suit. She has filed record evidence which conforms to the statutory law of Massachusetts with reference to giving her official bond, and also due notice of her appointment. · No question is made that the proofs thus filed are sufficient for that purpose; but it is claimed by the plaintiff that the local statutory limitation has no effect in the federal courts, in view of section 955 of the Revised Statutes, and this is the only question before us.

We need not state the circumstances attending the plaintiff's delay in moving for this scire facias, except only to remark that they relieve him from any charge of laches, and so far appeal to equitable considerations that the court would feel justified in regarding them if it was in its power to do so; but we think we are governed by positive statutory regulations which we must obey, however we might be persuaded to do otherwise if we could. Neither need we dwell on the fact that the parties have not asked us to examine the pleadings in the case, or the authorities applicable thereto, with reference to any question whether this cause of action, or right of action, is one which survives. Moreover, we have no occasion to refer to the question raised in Baltimore & Ohio Railroad v. Joy, 173 U. S. 226, 19 Sup. Ct. 387, 43 L. Ed. 677; that is, whether this case is within the letter of section 955 of the Revised Statutes; because, if not within its letter, it is clear that it would be in all respects governed by the local statutes, so that

our conclusion would inevitably be the same as that which we now reach.

The only question which is thus left for our decision was settled against the plaintiff by Judge Colt in this court in Butler v. Poole (C. C.) 44 Fed. 586, subject only to the reservation which he there made with reference to suits for infringement like this at bar. This reservation was removed by Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 280, and Brady v. Daly, 175 U. S. 148, 158, 20 Sup. Ct. 62, 44 L. Ed. 108, holding that suits of this class are governed by the local statutes of limitations. Moreover, if we should, under the existing circumstances, grant the plaintiff's motion, we should be disregarding the settled rules of the federal courts giving full effect to the policy of local statutes providing rest for the estate of deceased persons. Security Trust Company v. Black River National Bank, 187 U. S. 211, 23 Sup. Ct. 52, 47 L. Ed. ——; Hale v. Coffin (decided by the Circuit Court of Appeals for this circuit on January 13, 1903), 120 Fed. 470. These rules require us to adopt the limitation in the statutes of Massachusetts which we have cited, unless the statutes of the United States contain some clear provision to the contrary; and certainly there is nothing of that character with reference to the case at bar. On the other hand, the fact that section 955 contains no limitation of time whatever, and thus, if given full application, would prevent indefinitely, if not perpetually, the settlement of the estates of deceased persons, leaves a presumption, which is quite irresistible, that Congress intended that local regulations should be looked to for all such qualifications of its enactment.

The motion for scire facias is denied, and the suit is dismissed, without costs.