SPAETH v. SELLS et al.

(Circuit Court, S. D. Ohio, E. D. September 30, 1909.)

1. ABATEMENT AND REVIVAL (§ 71*)—DEATH OF PARTY—REVIVAL OF ACTION—STATUTORY PROVISIONS.

The remedy given by Rev. St. Ohio, § 5150 et seq., for the revivor of an action on the death of a party, is, if there be a strict compliance with its provisions within the time limited by statute, a matter of right and not of discretion.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 358; Dec. Dig. § 71.*]

2. COURTS (§ 343*)—DEATH OF PARTY—REVIVAL OF ACTION—STATUTORY PROVISIONS.

Under Rev. St. U. S. § 955 (U. S. Comp. St. 1901, p. 697), providing that, when either of the parties in any suit in any court of the United States dies before final judgment, his executor or administrator may, if the cause of action survive, prosecute or defend to final judgment, does not determine the plaintiff's right of revivor on death of defendant; that being governed by the law of the state where the suit is brought and prosecuted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915–920; Dec. Dig. § 343.*]

3. WORDS AND PHRASES—"ORDER TO SHOW CAUSE."

An order to show cause is an order requiring a party to appear and show cause why a certain thing should not be done or permitted.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, p. 5024.]

4. ABATEMENT AND REVIVAL (§ 74*)—DEATH OF PARTY—PROCEEDINGS FOR REVIVAL—LIMITATIONS.

Under Rev. St. Ohio, § 5144, specifying the cases in which a cause of action survives the death of a party, section 5150, providing that a revivor may be effected by a conditional order, if the action be revived in the name of a representative of the party who died, and section 5157, providing that an order to revive an action against a representative of a defendant shall not be made without his consent unless within one year from the time it could have been first made, the conditional order being equivalent to a substitute for a notice of motion to show cause, the procuring of such an order is not a sufficient compliance with section 5157, and the right of revivor is barred unless the final order of revivor is made within the time prescribed.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 429, 434; Dec. Dig. § 74.*]

Action by W. T. Spaeth against Lewis Sells and another. Heard on demurrer to the answer. Overruled.

Arnold, Morton & Irvine and Jones & James, for plaintiff.
Vorys, Sater, Seymour & Pease, for defendant Karb.
W. O. Henderson and W. H. Jones, for executrix.

SATER, District Judge. The petition was filed on May 10, 1907, against Lewis Sells and George J. Karb, sheriff. The plaintiff claims that it states three causes of action, viz., for assault, false imprisonment, and malicious prosecution. The defendant executrix asserts that the action is for malicious prosecution only, and that all else alleged is merely incidental thereto. Sells died September 5, and his executrix qualified November 5. On December 3 the plaintiff took a conditional order of revivor, which recites that, unless the executrix "shall within ten days after the service of this order show cause against the revivor of the same, said cause shall stand revived." She

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was served December 5, and on December 14, 1907, filed an answer assigning reasons why the action should not be revived. The case remained dormant as to both parties until April 17, 1909, a period of more than 16 months. On that day an amended and supplemental answer was filed by the executrix, reciting the date of the death of Sells, and of her appointment, and that the action could have been revived at any time subsequent to that date, but that no such order had in fact been made, and that more than one year had elapsed from the time the action could have been first revived, and that she does not consent to a revivor. To this answer the plaintiff interposed a general demurrer.

Plaintiff insists that he is entitled, under sections 5149 and 5150, Rev. St. Ohio, to an order of revivor. Section 5149 is as follows:

"A revivor may be effected by the allowance by the court, or a judge thereof in vacation, of a motion of the representative or successor in interest to become a party to the action, or by supplemental pleading alleging the death of the party, and naming his representative or successor in interest upon whom service may be made as in the commencement of an action; but the limitations contained in subsequent sections of this chapter do not apply to this section."

We are not concerned with that section, the remedy given by it being discretionary with the court and not a matter of right (1 Bates, Pl. & Pr. 633), nor with such cases as Carter v. Jennings, 24 Ohio St. 182, Black v. Hill, 29 Ohio St. 86, Pavey v. Pavey, 30 Ohio St. 600, Foresman v. Haag, 37 Ohio St. 143, and Eagle Paper Co. v. Bragg, 4 Ohio Dec. 194, 7 Ohio N. P. 165, because they were decided under section 5149, Rev. St., while this proceeding was instituted under section 5150. It is manifest, from an examination of the above cases, that the provisions of section 5157, Rev. St., hereinafter set forth, do not apply to either mode of revivor authorized by section 5149, and this is the view expressed by Whittaker in his Annotated Code (6th Ed.) 406, and 3 Bates' Complete Dig. 1315. The remedy given by sections 5150 et seq. is, if there be strict compliance with statutory provisions, a matter of right and not of discretion. 1 Bates, Pl. & Pr. 635. The plaintiff elected to proceed under section 5150, Rev. St., and took the conditional order therein provided for.

Section 955, Rev. St. U. S. (U. S. Comp. St. 1901, p. 697), provides:

"When either of the parties, whether plaintiff or petitioner, or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survive by law, prosecute or defend any such action to final judgment."

That section, however, does not aid in the determination of the question presented, for the reason that revivor is governed by the law of the state where the suit is brought and prosecuted. Great Western Min. & Mfg. Co. v. Harris (C. C.) 111 Fed. 38, 44; Green v. Barrett (C. C.) 123 Fed. 349.

The law which controls in this case is found in sections 5144, 5150, and 5157, Rev. St., which sections are as follows:

"Sec. 5144. Except as otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or

against a justice of the peace for misconduct in office, which shall abate by the death of either party."

"Sec. 5150. A revivor may also be effected by a conditional order of the court, if made in term, or by a judge thereof, if in vacation, that the action be revived in the name of the representative or successor of the party who died, or whose powers ceased, and proceed in favor of or against him."

"Sec. 5157. An order to revive an action against the representative or successor of a defendant shall not be made without the consent of such representative or successor, unless within one year from the time it could have been first made."

The action for malicious prosecution, by the express language of section 5144, Rev. St., abated on the death of Sells.

Assuming, without deciding, that there was an action pending either for assault or for false imprisonment, or, for that matter, for both, and without deciding what effect shall be given to Baltimore & Ohio Ry. v. Joy, 173 U. S. 226, 19 Sup. Ct. 387, 43 L. Ed. 677 (which case counsel appear to have overlooked), is the plaintiff entitled to an order of revivor against the executrix by virtue of the proceedings inaugurated on December 3, 1907?

The plaintiff claims that he made a well-defined attempt within the period prescribed by law to procure a revivor by taking and serving on the executrix a conditional order authorized by section 5150, Rev. St., and thereby so preserved his rights that he may now have an order of revivor, notwithstanding he remained inactive thereafter for a period of more than 16 months. To sustain his contention he relies on Steinbach v. Murphy, 70 Kan. 487, 78 Pac. 823, in which it is said:

"The fact that a district court, eight months after the time an order reviving an action against the representatives or successor of a deceased defendant first could have been made, erroneously decided that it had no jurisdiction of the cause, will not excuse a failure to revive within one year, when no attempt was made to procure an order of revivor before the jurisdiction question was determined."

Keyser v. Fendall, 5 Mackey (D. C.) 47, and Dick v. Kendall, 6 Or. 166, are also cited.

What is the nature of a conditional order, and the correct interpretation of the Ohio statute?

In 18 Enc. Pl. & Pr. 1137, it is said:

"A conditional order of revivor is in its nature an order to show cause, and, as is usually the case with such orders, is used as a method of shortening the notice of motion, and is equivalent to, and a substitute for, a notice of motion."

In 15 Enc. Pl. & Pr. 362, it is announced that:

"An order to show cause is an order requiring a party to appear and show cause why a certain thing should not be done or permitted."

The conditional order, therefore, was equivalent to, and a substitute for, a notice of motion to show cause why a certain thing, which had not been done, should not be permitted. The thing that had not been done was the making of the final order of revivor. Section 5150, Rev. St., contemplates a hearing to be had within a specified time, and, if sufficient cause be not shown against a revivor, the conditional order is then made final, and the action stands revived. 18 Enc. Pl. & Pr. 1139. Section 5157, Rev. St., fixes the time of hearing within one

year from the time in which it could first have been made. A' right to revivor is a matter of right only under the conditions and within the time limited by statute. 18 Enc. Pl. & Pr. 1141.

From Tefft v. Bank, 36 Kan. 457, 13 Pac. 783, it appears that the Kansas Code on the subject of revivor is the same as that of Ohio, and that section 433 of that Code is the same as section 5157, Rev. St. Ohio. The mode of reviving dormant judgments in that state (section 440) is the same as that prescribed for reviving actions before judgment. Three days prior to the end of the year after which a judgment would become dormant, a motion of revivor was filed, and notice was given on the same day by one of the judgment creditors that an application to revive the judgment would be presented to the court, 27 days after the year had elapsed. The district court, against the objection of the notified debtor, ordered a revivor. This was held error. In the opinion it is said:

"The filing of the motion and the giving of the notice is not sufficient to bring the case within the limitation. The point of limitation prescribed by the statute is the making of the order, and not the commencement of the proceedings to obtain the order. One year is given within which the judgment may be revived. * * * The party should at least commence proceedings in sufficient time to give the required notice to the adverse party of the hearing within the year, and the time fixed in the notice when the application is to be made should be within that period. It is unnecessary to consider what would be the result if the case had been noticed for hearing within the time, and by action of the court or through no fault of the applicant it was continued and extended beyond the year."

In Berkley v. Tootle, 62 Kan. 701, 703, 64 Pac. 620, it was held that:

"In the matter of revivor there is no right to an order; nor is there power within the court or judge to make one, unless it is made within one year after it could have been first made."

In Reaves v. Long, 63 Kan. 700, 66 Pac. 1030, it was held:

"A judgment can only be revived without the consent of the judgment debtor when the order of revivor is made within a year after the judgment becomes dormant, and when it has become dormant for more than a year there is no power in the judge or court to revive it, although a proceeding to revive was begun before the year of dormancy had expired."

After reciting that the mode of procedure for the revivor of a judgment is substantially the same as that for the revivor of pending actions, the opinion continues as follows:

"As revivor is surely statutory in its origin, it can only be accomplished in the mode and on the condition prescribed by statute. As will be seen, the statute explicitly provides that an order of revivor shall not be made without consent unless within one year from the time it could have been first made. This is not a limitation upon the commencement of proceedings, nor upon the time within which to make application for an order, but it is a limitation upon the granting of the order itself."

Steinbach v. Murphy, 70 Kan. 487, 489, 78 Pac. 823, considered as an entirety, not only fails to sustain, but refutes, the plaintiff's contention. In speaking of the statute of revivor, it is said in the opinion of that case that:

"It imposes an absolute prohibition upon the granting of an order after the lapse of a year from the time when it first could have been made. The right, by the terms of its creation, can endure but a year. The time element is an

essential constituent of the right. When the year has expired, there is no longer any right, and the status of the case is then the same as if there were no revivor statute. Analogies from the statute of limitations are not pertinent. That statute imposes limitations upon remedies; the revivor statute conditions the right. * * * A party seeking its benefit must bring himself strictly within its terms."

In another part of the opinion it is stated that:

"It is true that, some eight months beyond the time when the action could have been revived, the judge of the district court declined to acknowledge jurisdiction; but the plaintiff did nothing within those eight months to protect his right to revive. Had he profitably employed his time, and moved to revive instead of to reinstate, he could have secured himself against the unpropitious disposition of his case. Having failed to improve his opportunities, the erroneous decision of the court upon the question of jurisdiction amounted to no more than any other perverse fact working delay. The case was pending in a duly constituted court, whose action was not adversely dominated by any paramount power, and the plaintiff neglected available measures, whereby he might have fortified himself against a destruction of his right by lapse of time. All statutes prescribing time limits for the institution or completion of proceedings are necessarily arbitrary; but that relating to revivor is especially unforbearing, and parties must so order their conduct that, notwithstanding disastrous circumstances, and 'moving accidents by flood and field,' they may comply with it. Interruptions of the flow of the allotted time cannot be permitted 'from reasons based on apparent hardship or inconvenience, but must rest upon some practical impossibility to sue. They are limited in their character, and are to be admitted with great caution, and only in cases of strict necessity.' 19 Am. & Eng. Enc. 'Law (2d Ed.) 216."

That the proceedings to revive cannot be completed after one year from the time revivor could have been first made, although they may have been commenced prior to the expiration of such year, is the view adopted in 1 Bates, Pl. & Pr. 638.

Another substantial reason for exacting strict compliance with the statute is found in the policy to speed the trial of causes and not permit them to remain, at the discretion of the court or the election of parties, in a state of suspension. The all-pervading policy of the statutes in reference to decedents' estates is to terminate administration at the expiration of 18 months from the grant of letters, if it be practicable so to do. The purpose of section 5157 is to provide rest for and facilitate the settlement of estates, and revivor proceedings against personal representatives must not be procrastinated. That section is in the nature of a statute of limitations, and bars the right to revive if the right be not exercised in the mode and within the time prescribed. Green v. Barrett, supra; Pope v. Irby, 57 Ala. 105.

Keyser v. Fendall, supra, is so readily distinguishable from the case at bar as to render a discussion of it unnecessary.

In Dick v. Kendall, supra, there is no statement of the facts and circumstances involved, nor is any reason assigned for the conclusion reached beyond a mere reference to section 37 of the Code, under which the case was decided. Even if that case were analogous to the case at bar, I must decline to follow the Oregon rule, because the better reasoning is against it.

The demurrer is overruled, and an order may be drawn accordingly.

Lewis Sells and his executrix, prior to my assumption of judicial duties, had been clients of mine for a long period. This action was

not instituted, however, until some time after I had left the practice. However, to avoid all possible embarrassment to myself and counsel, I consented to hear this case on condition only that the conclusion reached should bear the approval. of my associate, Judge A. C. THOMPSON.

THOMPSON, District Judge.    I concur in the above ruling.