### WING v. McCALLUM.

(Circuit Court of Appeals, First Circuit. October 18, 1923.)

#### No. 1621.

1. **Abatement and revival ⬤⟿74(5)—Limitation fixed by law at party's death governs, and not limitation fixed by law in force at issuance of writ.**

Under Rev. St. §§ 721, 914 (Comp. St. §§ 1538, 1537), the time fixed by the state statute governs the issuance of a writ of scire facias to bring in the representatives of a deceased party, under Rev. St. § 955 (Comp. St. § 1592), prior to the amendment of November 23, 1921, Rev. Laws Mass. c. 171, §§ 5, 6, 7, in force when defendant died, fixed a limitation of two years, but Gen. Laws Mass. c. 228, § 5, in force at the time the writ was issued, reduced the period to one year. *Held*, that the two-year period applies, in view of Gen. Laws Mass. c. 281, §§ 4, 9, and the history of legislation.

2. **Abatement and revival ⬤⟿85—Motion to dismiss on grounds of limitations waived defect in stating wrong return day.**

Where, on the return day specified in a writ of scire facias, the executor appeared specially and filed a motion to dismiss the writ on the grounds of limitations, the motion was equivalent to a plea in bar, waiving the defect, if any, in stating a wrong return day.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Action by Thomas E. Wing against Alexander McCallum. Alexander McCallum died, and plaintiff secured a writ of scire facias, summoning George B. McCallum, as executor of deceased, to appear and to become a party. An order was entered, quashing the petition for the writ and dismissing the action, and plaintiff brings error. Reversed and remanded.

See, also, 244 Fed. 199, and 254 Fed. 5, 165 C. C. A. 415.

C. A. Hight, of Boston, Mass. (Wing & Russell, of New York City, on the brief), for plaintiff in error.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hugh W. Ogden, of Boston, Mass. (Hector M. Hitchings, of New York City, on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. Alexander McCallum, the defendant in a suit at law pending in the district of Massachusetts, died on the 3d day of October, 1919, and his death was suggested on the record October 8, 1919. November 10, 1919, George B. McCallum was appointed his executor, and his bond approved. The executor not having voluntarily appeared, the plaintiff in the suit on November 4, 1921, filed a motion that a writ of scire facias issue in accordance with the statutes of the United States.

[1] The statute governing the issue of the writ to bring in the representative of a deceased party is section 955, R. S. of the United States (U. S. Comp. Stat. § 1592), which was then as follows:

"When either of the parties, whether plaintiff, or petitioner, or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. The defendant shall answer accordingly; and the court shall hear and determine the cause and render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator, having been duly served with a scire facias from the office of the clerk of the court where the suit is depending, twenty days beforehand, neglects or refuses to become party to the suit, the court may render judgment against the estate of the deceased party, in the same manner as if the executor or administrator had voluntarily made himself a party. The executor or administrator who becomes a party as aforesaid, shall, upon motion to the court, be entitled to a continuance of the suit until the next term of said court."

The statute did not fix the time after the death of a party in which the writ of scire facias might issue; but by an act approved November 23, 1921 (42 Stat. 323), section 955 was amended by providing that no United States District Court could take jurisdiction of a motion for writ of scire facias unless filed within 2 years after the death of a party. As the motion for the writ in this case was made on November 4, 1921, and issued upon the next day, it is apparent that this amendment does not apply to the present case.

Under sections 721 and 914, R. S. of the United States (Comp. St. §§ 1538, 1537), the time limit fixed by the Massachusetts statutes governs. Greene v. Barrett (C. C.) 123 Fed. 349; Butler v. Poole (C. C.) 44 Fed. 586; Barker v. Ladd, 3 Sawy. 44, Fed. Cas. No. 990; Spaeth v. Sells (C. C.) 176 Fed. 797.

Revised Laws Mass., c. 171, §§ 5, 6, and 7, in force when the defendant died, provided that, if the representative of a deceased party in an action that survived did not voluntarily appear, he could, upon motion of the surviving party, be cited to appear within 2 years after he had given bond and notice of his appointment as required by law; it also provided that the citation should be served upon him 14 days at least before its return day.

The Massachusetts Legislature, by chapter 333, § 34, St. 1919, approved July 19, 1919, amended section 6, c. 171 of the Revised Laws, by reducing the period of limitation from 2 years to one year, and

plainly disclosed the intention of making the act prospective only, for it contained the following saving provision:

"Any change made by this act in the time within which any suit may be brought or right availed of, or in the time required to acquire or perfect any right, shall not change any period of time the running of which has begun when this act takes effect." Section 40.

Section 41 of the act provided that it should take effect February 1, 1920. The General Laws of Massachusetts, which were enacted December 22, 1920, and went into effect January 1, 1921, repealed chapter 171 of the Massachusetts Revised Laws and chapter 333, St. 1919, except section 41 of the latter, which, by an act approved January 29, 1920, extended the time the act should take effect to February 1, 1921. In chapter 228, § 5, of the General Laws, the period of limitation of one year contained in the act of 1919 was adopted; but the saving clause in that act was not taken over in this chapter, but in chapter 281 of the General Laws these sections were enacted:

"Sec. 4. The repeal of a law by this act shall not affect any act done, ratified or confirmed, any liability incurred, or any right accrued or established, or any action, suit or proceeding commenced or had in a civil case, before the repeal takes effect, but the proceedings in such case shall, when necessary, conform to the provisions of the General Laws." * * *

"Sec. 9. If a limitation or period of time prescribed in any of the acts repealed for acquiring a right, barring a remedy or any other purpose has begun to run, and the same or a similar limitation is prescribed in the General Laws, the time of limitation shall continue to run and shall have like effect as if the whole period had begun and ended under the operation of the General Laws."

A writ of scire facias was issued by the District Court November 5, 1921, and made returnable November 14, 1921. It was served upon the executor November 8, 1921, and in it he was summoned to appear before the judge of the District Court on November 14, 1921, "to become a party to said suit as such executor." On the return day he appeared specially for the purpose of moving to dismiss the writ, assigning in his motion as grounds for dismissal that the writ was issued more than one year after the executor had given bond and notice of his appointment, and also that it was served less than 14 days before its return day. On December 16th, appearing specially, he filed a motion to amend his motion to dismiss, by making a part of it certified copies of the record of the probate court having jurisdiction of the probate of the will of Alexander B. McCallum. From the indorsement upon the bond of the executor it appears that it was approved and allowed November 10, 1919. The judge of the District Court ruled that the petition for the writ of scire facias was filed too late, and ordered it quashed, and the action dismissed.

Section 9 of chapter 281 of the General Laws has appeared in all the previous revisions of Massachusetts statute since 1836, but counsel have cited no decision of the Supreme Judicial Court of Massachusetts, and we have been able to find none, where the court was considering the precise question before us in its interpretation.

On December 22, 1920, when the General Laws were re-enacted, to take effect from and after December 31, 1920, more than one year

had elapsed since the approval of the executor's bond, and, if the limitation of one year provided by chapter 228 applies, it would make the period which had already passed a bar to the right to summon in the executor.

In Brigham v. Bigelow, 12 Metc. (Mass.) 268, the court said, at page 273:

"If, indeed, the Legislature should declare that a period already elapsed should bar an action, this would be, under color of regulating, arbitrarily to take away all remedy, and in effect destroy the contract, within its jurisdiction, and would be a mere abuse of power, not to be anticipated from any Legislature."

See, also, Sanford v. Hampden Paint & Chem. Co., 179 Mass. 10, 14; 60 N. E. 399; Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; Turner v. New York, 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392; Saranac Land & Timber Co. v. New York, 177 U. S. 318, 20 Sup. Ct. 642, 44 L. Ed. 786; Wilson v. Iseminger, 185 U. S. 55, 22 Sup. Ct. 573, 46 L. Ed. 804; Soper v. Lawrence, 201 U. S. 359, 369, 370, 26 Sup. Ct. 473, 50 L. Ed. 788.

It is not to be supposed that the Massachusetts Legislature intended to pass an unconstitutional act, denounced in such strong terms by the highest court of that state, but that, in section 9 of chapter 281 of the General Laws it intended to preserve the limitation of two years which had previously existed, and which by express provisions of chapter 333, St. 1919, was reserved, and that it was intended by section 9 of chapter 281 to continue the period of limitation which was provided in the act repealed. If it did not, then section 9 would not apply to a period of limitation contained in the previous act, which had already expired.

We think, taking into consideration the act of 1919, which was expressly repealed before it went into effect, and the saving clauses which it contained, making certain that the old period of limitation was to be preserved where it had begun to run, that the Legislature intended, in chapter 281, § 9, of the General Laws, to provide that the time of the previous limitation should continue to run for its whole period, viz. two years.

In Wright v. Oakley et al., 5 Metc. (Mass.) 400, where the court had under consideration the question whether the repeal of a statute of limitations with the simultaneous enactment of Revised Statutes, c. 120, which provided that the time of a party's absence and residence out of the state should not be taken as any part of the time in which an action could be commenced against him, would remove the bar created by the statute of limitations in force before the Revised Statutes went into operation, the court said at page 411, speaking of Rev. Stat., c. 146, § 4, which is the same as chapter 281, § 9, of the General Laws:

"If the statute manifestly intended to give effect to a term of limitation, which had partly run under the old statute, a fortiori, we think, it must have been intended to have its full effect upon a term which had commenced and been completed under the old statute."

Although this statement was not necessary to the decision of the case, it shows that the court thought it was the manifest intention of the

statute to give effect to a term of limitation which had partly run under the old statute.

The court also said in this case at page 406:

"In construing the Revised Statutes and the connected acts of amendment and repeal, it is necessary to observe great caution, to avoid giving an effect to these acts which was never contemplated by the Legislature. In terms, the whole body of the statute law was repealed; but these repeals went into operation simultaneously with the Revised Statutes, which were substituted for them, and were intended to replace them, with such modifications as were intended to be made by that revision. There was no moment, in which the repealing act stood in force, without being replaced by the corresponding provisions of the Revised Statutes. In practical operation and effect, therefore, they are rather to be considered as a continuance and modification of old laws, than as an abrogation of those old, and the re-enactment of new ones. In order to construe them correctly, we must take the whole of the Revised Statutes, together with the act of amendment and the repealing act, and consider them in reference to the known purposes which the Legislature had in view in making the revision. * * *

"But we think it was not intended to alter to any considerable extent the rules of law affecting the rights of parties; and wherever there was such a purpose manifested, it was intended that the new rules should operate prospectively, and not affect past transactions. * * *

"It is, therefore, we think, more consonant with the manifest intent of the Legislature, as well as more consistent with principles of justice, in construing any particular provision of the revised statutes, which varies, in any respect, from the corresponding provision of the old law for which it was substituted, to give it a prospective operation, and not to give such a construction, unless necessary, as to disturb existing relations, or unsettle existing rights, duties, and liabilities."

We find nothing in the opinion of the court in Bigelow v. Bemis, 2 Allen (Mass.) 496, cited by the appellee, which is opposed to the construction which we have placed upon section 9. In that case the court was dealing with the question of whether a reasonable time was allowed for parties to bring actions before their claims were absolutely barred by a new enactment, and held that a reasonable and sufficient time was afforded the plaintiff to bring his action after the enactment of the General Statutes on the 28th day of December, 1859, and before the 1st day of June following, when they went into effect; but in the case before us more than a year had elapsed since the executor gave bond, when the General Laws were enacted, and if the new period of limitations of one year could be invoked the plaintiff's right to revive his action under the previous Massachusetts statute would be destroyed by what the Massachusetts court has denominated an abuse of power. Brigham v. Bigelow, supra. This we think could not have been the intention of the Legislature.

[2] The appellee in the District Court based his motion for dismissal upon the further ground that service of the writ and process was made less than 14 days before the return day, whereas the General Laws of Massachusetts, c. 228, § 5, provided that such citation should be served 14 days at least before the return day.

While the court below did not pass upon this question, counsel have argued that, as the United States statute provides for a service of 20 days before the return day, and the service upon the defendant was made only 5 days before the return day, this defect is jurisdictional, and the motion should have been allowed upon this ground.

We are not concerned with the provision of the Massachusetts statute as to the procedure prescribed for summoning in a representative of a deceased party by citation, for the United States statute clearly provides that a writ of scire facias must be issued, and further provides that:

"If such executor or administrator, having been duly served with scire facias from the office of the clerk of the court where the suit is depending, twenty days beforehand, neglects or refuses to become a party to the suit, the court may render judgment against the estate of the deceased party, in the same manner as if executor or administrator had voluntarily made himself a party."

The statute does not fix any return day for the writ. The main purpose of the writ of scire facias is to give notice to the executor or administrator of the pendency of a suit and provides a period of 20 days in which he may determine whether he will become a party to the suit or not. He could not be defaulted or judgment rendered against the estate of the deceased party until 20 days after the service upon him, irrespective of any return day fixed in the writ.

While it is doubtless better practice to make the writ in such cases returnable 20 days after service, yet, where upon the return day specified in the writ the executor has appeared specially for the purpose of filing a motion to dismiss and relied upon the statute of limitations as a ground for dismissal, we think this motion was equivalent to a plea in bar and if the writ was defective in having a wrong return day, this was waived, as the motion for dismissal was based upon what was in effect a plea in bar. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

We think the motion to dismiss should have been denied, and that the action has been revived.

The judgment of the District Court is reversed, and the case is returned to that court for further action, not inconsistent with this opinion, with costs to the plaintiff in error in this court.