No. 30,840.

MAUD E. SHAW, *Appellee,* v. C. A. WELCH, as The Roxbury Telephone Exchange, et al., *Appellants.*

(18 P. 2d 189.)

Opinion filed January 28, 1933.

*Oliver Wendell Weber,* of Salina, for the appellants.
*James A. Cassler,* of McPherson, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the defendant from a judgment of foreclosure of a chattel mortgage on property constituting a telephone exchange. The owner of the property was an

individual and not a corporation; the note and mortgage were given by the individual. The exchange operated in the vicinity and community known as Roxbury, an unincorporated village in McPherson county, Kansas, and the property encumbered was described in the mortgage as follows:

"The Roxbury Telephone Exchange; including all lines and poles, furniture, fixtures, telephones, telephone switchboard, and every other thing belonging to, and being a part of said exchange, and is the same exchange that was mortgaged to The Gypsum Valley National Bank, April 1, 1924."

The amended petition contained allegations necessary for an action in replevin, but the grounds of ownership alleged were by virtue of default of the conditions in the chattel mortgage attached.

The trial of the case was commenced before a jury, but as it developed the court discharged the jury and proceeded with the further hearing as in a foreclosure action and made findings of fact and conclusions of law. Appellant claims error in the discharge of the jury in a replevin action when his defense was under a general denial. The court retained the jury until every line of defense was offered and inquiry was made as to the purpose of proof, and discharged the jury when it appeared the defense went to the validity of the note and mortgage, the execution of which was admitted, and there were no allegations of payment or fraud. The issues in the replevin cases cited by appellant in this connection were very different from those here raised by the answer and offered proof, which, as held by the trial court, were not jury issues.

Appellant insists that the property mortgaged consists of intangibles and chattels real and therefore was not subject to chattel foreclosure or replevin. It would be a strained construction to class the property described in the chattel mortgage as either intangibles or chattels real, but even if so classed, that would not take them out of the class of personal property as defined in 50 C. J. 760, as follows:

"Although popularly the term 'personal property' is used in a somewhat restricted sense to include only goods and chattels, tangible things, the subjects of personal use, in its broad and general sense it includes everything which is the subject of ownership not coming under the denomination of real estate; and all subjects of property not of a freehold nature, nor descendible to the heir at law, are personal property. The term has been held to include intangibles as well as tangibles."

In the same paragraph the term "personal property" is said to include "an electric power line located on a highway, the mains and

pipes of gas and water companies when laid in streets or on property belonging to others." It also includes chattels real. (50 C. J. 763.)

R. S. 58-301 authorizes the mortgaging of personal property, and the property described in the mortgage here under consideration is undoubtedly personal property and capable of being mortgaged.

"As between a debtor company and its creditor, poles, wires, insulators, and such appliances will be considered personal property so as to permit the latter who has obtained a judgment to seize and sell the same under execution." (Jones on Telegraph and Telephone Companies, 2d ed., p. 23.)

"An electric power line located on the highway and not a part of a real-estate plant is personal property." (*St. Paul Elec. Co. v. Baldwin Eng. Co.*, 159 Minn. 221, syl. ¶ 2.)

Two other points urged by the appellant as errors concern the validity of the note and mortgage, given without the approval of the public service commission, and the effect of an oral agreement made at the time the note and mortgage were executed.

The trial court made detailed findings concerning every feature of the case, and therefrom made the following conclusions of law:

"It is the opinion of this court that this note and chattel mortgage are not within the regulatory powers of the public service commission of the state of Kansas and are not void due to the fact that no authority for their making was secured, and that the plaintiff is entitled to judgment against the defendant for the amount unpaid on such note and mortgage, the mortgage foreclosed and declared a first and prior lien upon the property of the telephone exchange as embraced in such mortgage."

The note and mortgage were given for six months and were renewals of many earlier notes and mortgages. When a prior mortgage existed on the same property in favor of a bank a written contract was made between the defendant and the bank permitting payments to be made on the indebtedness at the rate of $50 per month and providing for renewals. This was later modified by reducing the amount to $40 per month, and after completing the payment of the first mortgage, which was held by a bank, and making at least five such payments on this indebtedness, the note and mortgage here involved were executed and an oral agreement, as claimed by the defendant, was then made for monthly payments in the sum of $30 and with the privilege of further renewals, and that the note and mortgage were not to be delivered until such oral contract was reduced to writing.

The trial court offered defendant an opportunity to reform the contract, if desired, but held the terms of the written instruments

could not be varied except by another written agreement. Appellant contends that by this oral agreement and by the fact that the indebtedness had extended for a period of more than twelve months after the date thereof without procuring the approval thereof from the public utilities commission, as required by R. S. 66-125, the note and mortgage became void. One of the findings was that the original note, of which this was a renewal, was for a part consideration for the sale of the telephone exchange, and that no part of the proceeds of the note was used for the upkeep, maintenance, repairs, improvement or development of the telephone exchange. The trial court further found that no authority was requested of the public service commission nor received at the time the original note was given, and when its approval was asked by the plaintiff after the default, the commission refused consideration thereof because it had no jurisdiction and because it was an individual affair. This is based upon the language of R. S. 66-124, which provides for creating liens on corporate property by companies transacting the business of common carriers, and does not include individuals transacting such business, although individuals are recognized as within the term "public utility" in an earlier section of the same chapter (R. S. 66-104). The conclusion of the trial court was not necessarily based upon the fact that the transaction was an individual affair, and that point is not determinative of the real question here involved. But the time limit of the note, being due and payable in six months from date, is the test in this case which determines its validity. The last sentence of R. S. 66-125 is as follows:

"Any issue of stock, certificates, bonds, notes or other evidences of indebtedness not payable within one year, which shall be issued by such public utility or common carrier contrary to the provisions of this act shall be void."

The note in question being due and payable in six months was therefore not void and did not require the approval of the commission to make it valid.

In the case of Bank v. Telephone Co., 88 Kan. 287, 128 Pac. 357, cited by appellant, a part of the indebtedness included in the note and mortgage being foreclosed was unquestionably void, and the court, on review, simply modified the judgment by deducting the invalid portion.

Appellant claims he owes a duty to the public of his community to continue and maintain his public service, which has been recognized by the commission, and he should not be prevented from

carrying out that obligation by the order of the court granting a foreclosure. This is simply a conflict of obligations, and the financial one he owes to the plaintiff for a part of the purchase price of the telephone exchange is not subordinate to that which he owes the public. (*City of Wilson v. Electric Light Co.,* 101 Kan. 425, 166 Pac. 512; and *Utilities Co. v. Railway Co.,* 108 Kan. 285, 195 Pac. 889.)

The judgment is affirmed.

THIELE, J., not participating.