PRICE (UNITED STATES v.). See Cases Nos. 16,088–16,090.

## Case No. 11,418.

### PRICE v. YATES.

[7 Reporter, 582; [2] 19 Alb. Law J. 295; 25 Int. Rev. Rec. 113; 7 Wkly. Notes Cas. 51; 2 Nat. Bank Cas. (Browne) 204.]

Circuit Court, W. D. Pennsylvania. March 21, 1879.

NATIONAL BANKS — COMPOSITION BY RECEIVER — JURISDICTION—STATE AND FEDERAL— LIMITATION BY STATE STATUTE.

1. An order for the composition of a claim under section 5234, Rev. St. [19 Stat. 63], when the claim is not a "bad or doubtful debt," is invalid and a composition made under such an order is ineffectual.

2. Where there is a concurrence of jurisdiction, a state statute of limitation may be pleaded as effectively in a federal court as it could be in a state court; and in such cases the federal courts will follow the decisions of the local state tribunals.

[Cited in Butler v. Poole. 44 Fed. 586, 587.]

Action by the receiver of a national bank against a shareholder to enforce his liability.

Two questions were reserved at the trial of

[1] [Reported by Hon. John McLean, Circuit Justice.]
[2] [Reprinted from 7 Reporter, 582, by permission.]

the case, and a verdict was taken for the plaintiff subject to the opinion of the court upon these questions:

The first question involves the effect of an order of the court of common pleas of Venango county, Pennsylvania, for the composition of the claim now in suit. The second relates to the statute of limitations. In 1867 suit was brought in that court by the receiver of the Venango National Bank against the present defendant to enforce his personal liability as a stockholder in that bank, which is also the subject of the present suit. [On the 23d of March, 1869, with the assent and concurrence of Judge Derrickson, then acting as the representative of the comptroller of the currency, and as the counsel of the receiver, the receiver made a written application to the court for an order to adjust and settle the suit by the payment of twenty-five dollars by the defendant, whereupon an order was made by the court that "the receiver may settle and compound the said suit and the claim involved therein on the terms prayed for in the proposition."][2] The sum offered was afterward paid to the receiver. It also appears that the alleged indebtedness existed in May, 1866, when the receiver was appointed, but that this action was not commenced until June, 1876. No explanation of the delay was offered.

McKENNAN, Circuit Judge. The order of the court was made in the exercise of authority supposed to be given to it by the 5234th section of the Revised Statutes, and without an order of the court; which it was competent to make, the composition could have no effect. By a separate classification in the act of congress of the subject of the suit, as well as by the import of the terms of the act, the contested claim is excluded from the category of "bad or doubtful debts," which alone the court is authorized to order the receiver to "sell or compound," and hence the alleged composition was ineffectual for want of power in the court to direct or sanction it.

Is this suit barred by delay in the institution of it? It is brought to enforce the personal liability of a shareholder in a national banking association. This liability is clearly contradicted. By his stock subscription the shareholder stipulates to pay an additional sum equal to the par value of the shares subscribed for by him, to discharge the debts of the association, when he is legally called upon to do so. The obligation to pay is assumed when the subscription is made, and proof of subscription is plenary evidence of the whole of the shareholder's enjoyment, and of his consequent individual liability. This liability then accrues at the date of the subscription, but is not enforceable until needed to meet the debts of the association, and the comptroller has so decided and in-

[2] [From 19 Alb. Law J. 295.]

structed the receiver. Hence it has been held, that this action of the comptroller is an essential preliminary to a suit against a shareholder. Kennedy v. Gibson, 8 Wall. [75 U. S.] 498. A right of action upon the contract does not therefore accrue until the comptroller has acted; and by the terms of the general currency act, all suits by or against a receiver are alike cognizable by the state and federal courts. Where there is this concurrence of jurisdiction a state statute of limitation may be pleaded as effectively in a federal court as it could be in a state court; and in such case the federal courts will follow the decisions of the local state tribunals, and will administer the same justice which the state courts would administer between the same parties. The supreme court of Pennsylvania has repeatedly recognized the general rule, that an act necessarily preliminary to the commencement of a suit upon a contract must be done within six years to avert the bar of the statute, unless sufficient reason for the delay is shown. In Laforge v. Jayne, 9 Barr. [9 Pa. St.] 410, it was applied, the court saying, "It was ruled in the case of Codman v. Rogers, 10 Pick. 112, that although an action will not lie in some cases without a previous demand, and that in such cases the statute did not run until demand, that nevertheless the demand ought to be made in a reasonable time, and when no cause for the delay is shown it ought to be made within the time limited by the statute for bringing the action." The same doctrine was re-affirmed and decisively applied in Pittsburgh & C. R. Co. v. Byers, 8 Casey [32 Pa. St.] 22, and in Pittsburgh & C. R. Co. v. Graham, 12 Casey [36 Pa. St.] 79. [The application of this principle in this case is peculiarly appropriate. The date of the defendant's subscription, when his alleged indebtedness accrued, does not appear, but it existed before the 5th day of May, 1866, when the receiver was appointed. Nothing was done to authorize a legal demand upon the defendant to respond to his individual liability, until the 28th day of June, 1876, when the comptroller decided that the enforcement of this liability to its full limit was necessary, and instructed the receiver accordingly. This suit was shortly afterward brought. Not only six but more than ten years from the date of the defendant's enjoyment, was permitted to elapse before the essential conditions precedent to a legal call upon him to pay were performed. The delay seems to have been purely arbitrary—at least it is unexplained—and hence the strongest considerations of justice, and the obvious policy of the act of congress demand that the defendant should not be vexed with litigation, touching a claim which has about it such an odor of staleness.] [2]

Let judgment be entered for the defendant, non obstante veredicto.

[2] [From 19 Alb. Law J. 295.]