## TERRY *v.* MCLURE.

1. Eight-years after a bill in equity had been filed, and on the day it was dismissed, on a final hearing upon the pleadings and proofs, an amended bill was filed without leave. *Held,* that it must be disregarded in the consideration of the case here.

2. The Statute of Limitations is a bar to a suit brought four years after a bank in South Carolina had permanently suspended specie payments, by a holder of its notes to enforce the individual liability of the stockholders.

3. *Carrol* v. *Green* (92 U. S. 509) and *Godfrey* v. *Terry* (97 id. 171) cited and approved.

APPEAL from the Circuit Court of the United States for the District of South Carolina.

The facts are stated in the opinion of the court.

*Mr. Harvey Terry* for the appellant.

*Mr. James Lowndes* and *Mr. William E. Earl,* contra.

MR. JUSTICE MILLER delivered the opinion of the court.

This was a suit in chancery brought by Terry against McLure, as receiver of the Bank of Chester, certain officers of the bank, and one or two of its stockholders. Its main purpose was to obtain a discovery of the names of the stockholders at the date of the failure of the bank, in order to make them, when discovered, liable for the amount of the circulating notes of the bank held by the complainant. It would be a useless task to trace here the interminable amendments to the original bill, none of which varied essentially its character, though some of the later ones attempted to set up fraud in the stockholders in receiving dividends declared and paid on their stock while the bank, as he alleged, was in a state of insolvency. It is enough to say of all these amendments, except the last, that no sufficient statement of the names of the stockholders who received such dividends, and of the amounts received by each, or of the circumstances under which they were declared or received, is found, whereon to charge any one stockholder.

This amended bill gives the names of a large number of stockholders, with a statement of the sum received by each, and is full of the general allegations that the money so received was a trust fund that should have been applied to the payment

of the debts of the bank, but was diverted from its proper use to the payment of dividends.

This amended bill, however, was filed on the sixth day of May, 1878, which was eight years after the original bill was filed. It does not appear that any leave of the court was obtained to file it, though some four or five other amended bills show in every instance that they were filed with the leave of the court. It is a fair inference that what counsel on the other side say in their briefs is true, namely, that it was filed without leave and was disregarded by the court. In fact, the record shows that the original bill was dismissed on its merits after hearing on the pleadings, testimony, and argument of counsel, on the same day that this last amended bill was filed. Whether before or after the decree of the court was rendered is not shown. Nor is it material, as it must be understood that however it got to be filed in court it was done without consent of the court or of counsel for the defendants. It must be disregarded, therefore, in the consideration of the case here.

As regards the statutory liability of the stockholders, the allegations of the bill, the answers of the defendants, and the evidence taken in the case all show that the suspension of specie payments took place on the twenty-seventh day of November, 1860, and that the statute of limitations of four years of the State of South Carolina, applicable to such cases, bars the complainant's right of recovery.

This point was adjudged in this court against the present complainant in *Godfrey* v. *Terry*, 97 U. S. 171. See also *Carrol* v. *Green*, 92 id. 509.

The decree of the Circuit Court is, therefore,

*Affirmed.*