### BUTLER v. POOLE.

*(Circuit Court, D. Massachusetts. December 30, 1890.)*

LIMITATION OF ACTIONS—NATIONAL BANKS.
  Actions by the receiver of a national bank against stockholders for assessments on the stock are subject to the state statutes of limitations.

At Law. On motion to quash the writ of *scire facias.*
*Ambrose A. Ranney,* for plaintiff.
*John Lowell* and *George S. Hale,* for defendant.

COLT, J. This is an action at law, brought by the receiver of the Pacific National Bank against Seth B. Poole, to recover an assessment on certain shares of stock owned by him at the time of the failure of the bank. The writ is dated March 14, 1883. On the 9th day of February, 1884, the defendant Poole died, and on November 16, 1886, his death was suggested of record. January 28, 1887, the plaintiff's counsel filed a petition for a *scire facias* to summon in the executors of defendant's will, which was granted and issued without notice. Counsel for the executors now appear specially, and move to quash the *scire facias* and dismiss the suit, upon the ground that the action is barred by the following provision of the Public Statutes of Massachusetts, (chapter 165, § 8:)

"The citation [to executors to appear and defend] shall not be issued after the expiration of two years from the time such executor or administrator has given bond for the discharge of his trust, if he has given notice of his appointment, as required by law."

The executors gave bond on the 4th day of March, 1884, and gave the notice required by law. The only question upon the present motion is whether the Massachusetts statute of limitations is applicable to this case. Section 914 of the Revised Statutes provides that the practice, pleading, and forms and mode of proceeding in the federal courts shall conform, as near as may be, to those of the state. In actions of this character it has been held that state statutes of limitation, where no special provision has been made by congress, form the rule of decision in the courts of the United States. *McCluny* v. *Silliman,* 3 Pet. 270; *McElmoyle* v. *Cohen,* 13 Pet. 312; *Ross* v. *Duval,* Id. 45; *Taylor* v. *Holmes,* 14 Fed. Rep. 498, 511; *Price* v. *Yates,* 19 Alb. Law J. 295, (1879;) *Bank* v. *Dalton,* 9 How. 522; *Amy* v. *Dubuque,* 98 U. S. 470; *Mitchell* v. *Clark,* 110 U. S. 633, 4 Sup. Ct. Rep. 170. The authorities cited

by the plaintiff, taking a contrary view, are cases where the subject-matter is within the exclusive jurisdiction of the federal courts, like patents, and they are not applicable to cases where the jurisdiction is concurrent. The position taken by the plaintiff that this is, in substance, an action brought by the government, and that therefore the statute does not run, is not tenable. The fact that the receiver in this suit is proceeding under certain provisions of an act of congress establishing a national banking system does not make this in any proper sense a government case. The government has no pecuniary interest in this suit. It is in fact a contest between creditors and a stockholder of the bank.

It is further urged by the plaintiff that section 955 of the Revised Statutes provides *scire facias* as the process to be issued, without any limitation as to the time when the writ may issue. But it has been decided that section 955 is governed by the statute of limitations of the state. *Barker* v. *Ladd*, 3 Sawy. 44; *Price* v. *Yates*, 19 Alb. Law J. 295. That the Massachusetts statute provides one mode of bringing the parties before the court, and the federal statute another, is not material in this connection. Congress might adopt a totally different system of pleading from that of the states, and yet the state statute of limitations would apply. Motion granted.