## McDONALD v. THOMPSON.

(Circuit Court of Appeals, Eighth Circuit. March 21, 1900.)

### No. 1,335.

NATIONAL BANKS—ACTION BY RECEIVER TO RECOVER ASSESSMENT—LIMITATION.
    A suit, either at law or in equity, brought in Nebraska by the receiver of a national bank to recover an assessment against a stockholder, unless commenced within four years after the time fixed by the comptroller for the payment of such assessment, is barred by Code Civ. Proc. Neb. tit. 2, § 11, which prescribes four years as the limitation for an action upon a contract not in writing, express or implied, and for an action upon a liability created by statute, other than a forfeiture or penalty.

Appeal from the Circuit Court of the United States for the District of Nebraska.

On the 23d day of January, 1893, the Capital National Bank of Lincoln, Neb., failed, and on the 6th day of February, 1893, the comptroller of the currency appointed a receiver for the same. On the 10th day of June, 1893, the comptroller ordered an assessment on the stockholders of the bank to the amount of the par value of the shares, payable July 10, 1893. This suit in equity was brought on the 20th day of May, 1898, by Kent K. Hayden, as receiver of the bank, the predecessor in office of the present receiver and appellant, against David E. Thompson, the appellee, as a shareholder in the bank, to recover the amount assessed upon his stock by the order of the comptroller of the currency. The bill alleged the defendant had, in anticipation of the failure of the bank, fraudulently transferred his shares to persons financially irresponsible, for the purpose of escaping his liability as a stockholder. The defendant demurred to the bill and to an amended bill upon the ground, among others, that the cause of action was barred by the statute of limitations of the state of Nebraska. The court sustained the demurrer, and dismissed the bill, and thereupon the receiver brought the case by appeal to this court.

Andrew C. Harvey (John H. Ames, on the brief), for appellant.
Halleck F. Rose, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The demurrer raises several questions, but it is unnecessary to pass on any other than that based on the plea of the statute of limitations. The provisions of the Nebraska statute of limitations applicable to the case read as follows:

"Sec. 5. Civil actions can only be commenced within the time prescribed in this title after the cause of action shall have accrued."

"Sec. 11. Within four years an action upon a contract not in writing express or implied; an action upon a liability created by statute other than a forfeiture or penalty."

Comp. St. Neb.

Whether the liability of a stockholder is treated as an express or implied contract not in writing, or as a liability created by statute,—and confessedly it is one or the other,—an action founded thereon, whether at law or in equity, is barred, under the Nebraska statute, in four years. Carroll v. Green, 92 U. S. 509, 23 L. Ed. 738; Terry v. McLure, 103 U. S. 442, 26 L. Ed. 403; Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, 39 L. Ed. 240; Thompson v. Insurance Co. (C. C.) 76 Fed. 892; Butler v. Poole (C. C.) 44 Fed. 586; Van Pelt v. Gardner, 54 Neb. 701, 705, 75 N. W. 874; Glenn v. Marbury, 145 U. S. 499, 12 Sup. Ct. 914, 36 L. Ed. 790. In this case the cause of action accrued on the 10th day of July, 1893, the day fixed by the comptroller of the currency for the payment of the assessment, and suit was not brought until the 20th day of May, 1898, more than four years after the cause of action accrued. The circuit court rightly decided that upon the face of the bill the cause of action was barred, and its decree dismissing the bill is affirmed.