LINCOLN-ALLIANCE BANK AND TRUST COMPANY, Appellant, *v.* A. E. FISHER, Defendant, Impleaded with BESSE H. FISHER (Also Known as BESSE H. DAVIS), Respondent.

Fourth Department, March 18, 1936.

*T. Carl Nixon*, for the appellant.

*Kenneth B. Keating*, for the respondent.

PER CURIAM. Section 59 of the Civil Practice Act provides that the operation of a statute of limitations may be prevented by " an acknowledgment or promise contained in a writing signed by the party to be charged." In the instant case defendant-respondent is a cosigner of a promissory note which is being sued on. Pursuant to a letter of inquiry and warning that respondent's collateral

would be sold and an action brought for any balance due on the note, respondent wrote plaintiff the following letter: "Received your letter this morning and very sorry the condition of things both for yourself and myself. Shall be in within a few days to see you, but am sending Mr. Fisher's address on to you which is: St. George Hotel, Dallas, Texas. I wish you would write soon to him and enforce it very strongly that *he* must take care of it, or it will take all I have." Our question is whether this letter is an "acknowledgment" within section 59, for it is not claimed to contain a "promise." We deem the correct rule to be that in order to constitute an acknowledgment the writing must recognize an existing debt, and should contain nothing inconsistent with an intention on the part of the debtor to pay it. (*Manchester* v. *Braedner*, 107 N. Y. 346, 349.) The document need contain nothing more than "a clear recognition of the claim as one presently existing." (*Matter of Gilman, Son & Co.*, 57 F. [2d] 294, 296.) Under this rule we find an "acknowledgment" in this letter. The word "it" in the phrase "he must take care of it" must refer to the $10,000 note, and to say that the following words, "or it will take all I have," refer to the collateral only is a strained construction. There is nothing in the letter inconsistent with respondent's intention to pay and an admission of respondent's obligation to pay the $10,000 note is implicit in the document taken as a whole. There are no general considerations involved such as those found in *Connecticut Trust & Safe Deposit Co.* v. *Wead* (172 N. Y. 497).

The judgment should be reversed, with costs, and the motion denied, with ten dollars costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law, with costs, and motion denied, with ten dollars costs.