## POWELL v. MALONE et al.

District Court, M. D. North Carolina.
Jan. 24, 1938.

W. S. Coulter, of Greensboro, N. C., for plaintiff.

Thomas C. Carter, of Burlington, N. C., for defendants.

**302**

HAYES, District Judge.

It is alleged and admitted that plaintiff is receiver; that an assessment was levied by the Comptroller of the Currency payable December 9, 1933, against the owners of the capital stock of the bank; and that the defendants above were the registered owners of one certificate of stock for five shares of the par value of $500. The action was commenced February 17, 1937. Malone pleaded payment of his pro rata part, and all three defendants' pleaded the North Carolina statute of limitations.

The plaintiff pleads payments to repel the statute, to wit: May 17, 1934, dividend of $69.25 to W. Y. Malone was credited on the assessment by the receiver, and a credit of $6.99 representing a dividend to Scott was made the same way; August 1, 1935, dividend check to Scott for $16.78 was indorsed by him and credited by the receiver on the assessment; October 23, 1936, W. Y. Malone paid $162.01.

There is no evidence explaining the ownership of, or interest in, the certificate of stock, other than the fact that the certificate was issued to W. Y. Malone, A. N. Scott, and B. F. Warren. It is necessary to determine first whether they are tenants in common or joint tenants in order to determine whether each is liable for his one-third, or each is liable for the entire assessment.

The title to property is determinable by the laws of the state where situated. Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865. The federal court should follow the decisions of the state court for the sake of harmony if the question is beclouded with doubt. Joseph K. Willing, Receiver v. Israel Binenstock, 58 S.Ct. 175, 82 L.Ed. ——, decided December 6, 1937. Hence the Second Circuit, following the law of New York where the transaction occurred, held that a certificate of stock to two or more persons, nothing else appearing, created tenants in common, rendering each liable for his pro rata part of the assessment. Meeker v. Brewer et al., 86 F.2d 645.

Survivorship in joint tenancy of personal property in North Carolina was abolished. N.C.Code, § 1735. Also where one cotenant in personal property is barred by the statute of limitations, the other tenant may sue for his share if the statute has not run as to him. N.C.Code, § 419. Cameron v. Hicks, 141 N.C. 21, 36, 53 S.E. 728, 7 L.R.A.,N.S., 407. Under the law of North Carolina, as in New York, tenancy in common arises whenever an estate in real or personal property is owned concurrently by two or more persons under a conveyance or under circumstances which do not either expressly or by necessary implication call for some other form of cotenancy. Boylston Ins. Co. v. Davis, 68 N. C. 17, 12 Am.Rep. 624; Pitt v. Petway, 34 N.C. 69. The question in respect of actions to recover from each is discussed in Waller v. Bowling, 108 N.C. 289, 290, 12 S.E. 990, 12 L.R.A. 261.

This principle of law prevails, not only in North Carolina and New York, but in most of the states and in England. 62 C.J. 410; 33 C.J. 904, 905. And where a conveyance to two or more persons does not specify the interest of each, the presumption is that the interests are equal. 62 C.J. 420. A tenant in common can mortgage or convey his interest. Layton v. Byrd, 198 N.C. 466, 152 S.E. 161. Ordinarily, one tenant in common cannot bind the other tenant in common in his dealings with third parties, unless previously authorized or subsequently ratified. 62 C.J. 533, 534.

The liability for stock assessment attaches against the real, as distinguished from the nominal, owner of its corporate stock, and the courts do not hesitate to fasten liability where it rightfully belongs. Pauly v. State Loan & Trust Co., 165 U.S. 606, 17 S.Ct. 465, 41 L.Ed. 844; Ohio Valley National Bank v. Hulitt, 204 U.S. 162, 27 S.Ct. 179, 51 L.Ed. 423; Metropolitan Holding Co. v. Snyder, 8 Cir., 79 F.2d 263, 103 A.L.R. 912; Barbour v. Thomas, 6 Cir., 86 F.2d 510; Nettles, Receiver, v. Rhett et al., 4 Cir., 94 F.2d 42, decided January 4, 1938; Forrest v. Jack, 294 U.S. 158, 55 S. Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457. The liability of a stockholder is "each to the amount of his stock therein." 12 U.S.C.A. § 64.

The burden of proof is on the receiver to establish the extent of the liability of the shareholder. The certificate itself is presumptive evidence of ownership, and a certificate to two or more persons raises a presumption that each is the owner of a proportionate part of it. The receiver failed to rebut the presumption and failed to show they were not owners as tenants in common. The court cannot assume each assumed the statutory assessment for more than his pro rata part.

■ W. Y. Malone was forced by the receiver to pay $162.01. October 23, 1936, in order to get possession of his liberty bonds in lock box in the bank, the receiver refused to let him have possession of these bonds and other personal effects, including a deed of trust past due, unless he would pay his part of the assessment. This payment, plus the dividend of $69.25 payable to Malone which the receiver refused to pay and applied it on the assessment, covered Malone's one-third of the assessment. He testified that the receiver accepted it in full satisfaction of his part and the court finds this to be a fact. But, at all events he was only liable for one-third and he has paid that, hence the receiver is not entitled to recover anything of him.

■ The defendant Warren made no payment on his assessment. Since a statute of limitations runs against each tenant in common, an action may be barred as to one, while not as to others. N.C.Code, § 419. I hold that the action as to Warren is barred. Section 441, N.C.Code, requires the· suit to be commenced within three years. The state statute controls. Pufahl v. Parks' Estate, 299 U.S. 217, 225, 57 S. Ct. 151, 156, 81 L.Ed. 133.

■ It is urged that the action is not barred as to A. N. Scott because of payments on the assessment. While the receiver wrote out checks representing dividends due Scott on his balance in the bank, the receiver credited the first check on the assessment by sending it to Washington for cancellation and credit, while the second check in the sum of $16.78 dated August 1, 1935, bore the indorsement of Scott, and was credited on the assessment. While Scott owed a note to the bank and secured it by collateral consisting of stock in the Mebane-Royall Company, and paid the note, the receiver refused to deliver the stock and still holds it on account of the assessment. This circumstance, together with the evidence as to similar treatment of W. Y.

Malone, justifies the inference that whatever happened was in the nature of compulsion, and that no payment was voluntarily made by Scott. Did these credits, then, by the receiver of the sums due Scott arrest the running of the statute of limitations? Before a part payment can operate to arrest the running of the statute of limitations, it must appear that the party making it intended to acknowledge and admit the greater debt to be due. If he did not so intend and this appears from the surrounding circumstances, the running of the statute will not be stopt. Cashmar-King Supply Co. v. Dowd, 146 N.C. 191, 59 S.E. 685, 14 Ann.Cas. 211; Kilpatrick v. Kilpatrick, 187 N.C. 520, 122 S.E. 377. The burden is on the plaintiff to show the intent. Undoubtedly the receiver had the right to offset the depositor's dividend against the stock assessment without the consent of the depositor. The evidence shows conclusively this is precisely what was done. The application of the dividend to this purpose was the act of the receiver in the assertion of his legal right to offset. But the receiver offers no evidence to show that it was done with the consent of the defendant Scott. Indeed, the receiver made the first application without the consent of the defendant. The indorsement of the second check no doubt was perfunctory. If he had not indorsed it, the receiver would have credited anyway without regard to the consent of the defendant. For a like reason, he still holds defendant's stock without his consent. The receiver no doubt is acting in good faith and in the belief that he can offset any sums due by him to defendant against the stock assessment, but his action in this respect does not· justify the inference that it is done with the consent of the defendant. Thereupon the application of these dividends without proof that it was done with the consent of the debtor under circumstances giving rise to a reasonable inference of an acknowledgment of the greater debt does not repel the statute of limitations. 37 C.J. 1146.