## DOWNEY v. PALMER.

District Court, S. D. New York.
April 6, 1939.

Benjamin W. Moore, of Yonkers, N. Y. (Milton L. Romm, of Yonkers, N. Y., of counsel), for plaintiff.

John J. O'Connor, of New York City (J. Daniel Dougherty, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant moves to strike out the reply which was served by the plaintiff pursuant to an order of the Court dated February 1st, 1939, entered on a motion brought on by the defendant.

Plaintiff instituted this action against the defendant, based on her statutory liability as the owner of 2,480 shares of the capital stock of the First National Bank and Trust Company of Yonkers, N. Y., of which the plaintiff is the receiver in liquidation. In her answer to this complaint, defendant admits the ownership of the stock and cer-

tain other allegations, which constitute an admission of her liability as a stockholder, but she pleads as a separate and distinct defense that pursuant to an agreement of settlement made with the approval of the former receiver, she paid $35,000 in settlement of her liability of some $62,000; that there was an accord and satisfaction of her obligations as a stockholder and that she has received a release of all such liability, the release having been executed by the former receiver of the plaintiff bank pursuant to an order of the Court, in the bank liquidation, authorizing the settlement.

Defendant after she served her answer moved for judgment on the pleadings or in the alternative to compel the plaintiff to reply to the defense. The motion for judgment on the pleadings was denied without prejudice, but the plaintiff was directed to reply to the defense pleaded in the answer. A reply was served, to which the present motion of the defendant is directed.

The reply alleges in effect that under the settlement made by the defendant with the receiver who was then acting for the bank, on October 15, 1935, the defendant paid $35,000 allegedly in full settlement and the receiver executed the release pleaded in the answer; that the said settlement was induced by representations on the part of the defendant that the amount of commissions she had been awarded as the executrix and trustee in the administration of the estate of her husband was $5,065.31; that later it was discovered that the amount of fees awarded to her actually amounted to the sum of $37,993.51; that the settlement of the receiver's claim against the defendant on her stockholder's liability was induced through this false and fraudulent representation; and the reply ended with a prayer for relief, that the agreement of settlement, accord and satisfaction, and the release alleged in the defendant's answer as a distinct defense be declared ultra vires, null, void and rescinded and that plaintiff recover of the defendant the $27,-000, the balance due on her stockholder's liability, with interest.

Under Rule 18(a) Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "the plaintiff in his complaint or in a reply setting forth a counterclaim * * * may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party". While I am of the opinion that the better pleading

would have been for the plaintiff to have served a complaint pleading a cause of action for rescission of the agreement of settlement and a cause of action for the balance of $27,000 due on the defendant's stockholder's liability, I see no reason why the issues cannot be tried by the Court with one cause of action in the complaint, for the balance due on the defendant's stockholder's liability, and another cause of action in the reply, seeking a rescission of the agreement of settlement and the cancellation of the release.

It is not necessary that the plaintiff refund to the defendant the $35,000 before obtaining such rescission. Kley v. Healy, 127 N.Y. 555, at page 562, 28 N.E. 593. The plaintiff was entitled to that sum on account of defendant's stockholder's liability in any event. It was not necessary for the plaintiff to make an offer of restitution of this amount before seeking the rescission asked for in the counterclaim pleaded in the reply. E. T. C. Corp. v. Title Guarantee & Trust Co., 271 N.Y. 124, 128, 2 N.E.2d 284, 105 A.L.R. 999, citing Gould v. Cayuga County Nat. Bank, 86 N.Y. 75.

For the foregoing reasons defendant's motion to strike out the reply is denied.