**DOWNEY v. PALMER.**

District Court, S. D. New York.

April 17, 1939.

Benjamin W. Moore, of Yonkers, N. Y., for plaintiff.

John J. O'Connor, of New York City, for defendant.

HULBERT, District Judge.

This is an action to recover an assessment upon a stockholder of a defunct National Bank. There was a settlement approved by the Court and payment made, but plaintiff claiming fraud and misrepresentation has seemingly credited the payment on account and sues for the alleged balance.

Issue was joined by the service of defendant's answer on October 15, 1938. A motion made by defendant to dismiss the complaint was granted in the alternative and plaintiff served a reply pursuant thereto Feb. 24th, 1939.

Defendant now seeks to amend her answer by setting up as a defense a statute of limitations. The Court does not feel disposed to penalize the defendant if her counsel erred in determining whether the six year statute (Sec. 48, subsection 2) or three year statute (Sec. 49, subsection 4) of the New York Civil Practice Act is applicable.

Under our new Rules amendment of pleadings is to be freely allowed when justice so requires. Rule 15 (a), 28 U.S. C.A. following section 723c.

The plaintiff objects that the proposed amendment should not be allowed because it does not go to the merits and has been waived but also contends that it is inapplicable since the plaintiff's right of recovery is based upon the charge of fraud which the plaintiff must rely upon and prove. Motion granted. Settle order on notice.