**DOWNEY v. PALMER.**

District Court, S. D. New York.

June 19, 1939.

Benjamin W. Moore, of Yonkers, N. Y., for plaintiff.

John J. O'Connor, of New York City (J. Daniel Dougherty, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant moves for summary judgment on the ground that the second defense set forth in the amended answer, which al-

leges that the cause of action stated in the complaint did not accrue within three years before the commencement of this action, and that consequently said action is barred by the statute of limitations, is a complete defense to plaintiff's alleged cause of action. Plaintiff makes a cross-motion to dismiss the said second defense on the ground that it does not constitute a legal defense to plaintiff's claim.

The complaint is based upon the statutory liability of the defendant as the owner of 2,480 shares of the capital stock of the First National Bank and Trust Company of Yonkers, New York, of which the plaintiff is the receiver in liquidation. The amended answer sets forth, in effect, an admission of the defendant's liability as a stockholder, but pleads as separate and distinct defenses a compromise, settlement and the release obtained pursuant thereto, and the statute of limitations. The reply alleges that the defendant paid $35,000 allegedly in full settlement and the receiver executed the release pleaded in the answer; that the release was obtained through false and fraudulent representations made by the defendant concerning the amount of assets she had at the time her offer of settlement was submitted. The reply ends with a prayer for relief that the settlement, accord and satisfaction, and the release be declared ultra vires, null, void and rescinded, and further that plaintiff recover of the defendant $27,000 with interest, the balance due on her statutory liability.

■ There is no federal statute limiting the time in which actions may be brought upon the liability of stockholders of national banks under 12 U.S.C.A. § 64. In the absence of such a federal statute, the state statutes of limitations apply. Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133; McDonald v. Thompson, 8 Cir., 101 F. 183, affirmed 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437; Donald v. Bird, 9 Cir., 85 F.2d 663.

. The New York statute [Civil Practice Act, § 49(4)] provides that an action against a stockholder of a moneyed corporation, or banking association, to enforce a statutory liability must be brought within three years.

■ The levy of assessment upon the bank stock was made by the Comptroller of the Currency of the United States on May 11, 1934, as of March 3, 1933. The assessment became due and payable on June 18, 1934. This action was commenced on September 22, 1938, by the service of the summons and complaint upon the defendant. So whether we take May 11, 1934, or June 18, 1934, as the date from which the statute of limitations commenced to run, it is clear that more than three years elapsed before this action was begun.

Plaintiff contends that the offer of compromise submitted by the defendant was an acknowledgment of the debt and a part payment on account so as to toll the running of the statute; further that this is essentially an action based on fraud to which the six-year statute applies [Civil Practice Act § 48(5)].

■ The New York Civil Practice Act, Section 59, provides that: "§ 59. Acknowledgement or new promise must be in writing. An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the provisions of this article relating to the limitations of time within which an action must be brought other than for the recovery of real property. But this section does not alter the effect of a payment of principal or interest."

The defendant's offer of compromise, which was verified September 26, 1935, within the three-year period of limitation, contained an acknowledgment of liability and the terms of the offer. An offer of compromise, of its nature, is conditional and the inference of a new promise must be based on the terms of the offer. Williston on Contracts, § 181, and cases cited therein. Here we have an offer of a new contract which was accepted and payment was made. Clearly, this is not such an acknowledgment or promise which would toll the statute on the original liability.

■ Further, the payment made in settlement of defendant's liability was intended to· be a payment in full. This was the agreement of the parties at that time. The present contention of the plaintiff that it constituted a part payment on account is patently incorrect. It did not toll the statute of limitations. Crow v. Gleason, 141 N.Y. 489, 36 N.E. 497; Powell v. Malone, D.C., 22 F.Supp. 300.

■ Plaintiff's further contention that this action is essentially one based on fraud is not borne out by the pleadings. The complaint is predicated solely upon the

statutory liability of the defendant. True, the reply sets forth allegations of fraudulent representations, but the remedy sought therein is a rescission of the settlement and release and further the sum of $27,000 with interest, the balance due on the defendant's statutory liability. Interpreting this action as one for damages based on the fraud of the defendant, would necessitate a strained interpretation of the pleadings not warranted by the allegations contained therein.

In Brick v. Cohn-Hall-Marx Co., 276 N.Y. 259, 11 N.E.2d 902, 114 A.L.R. 521, an action was brought to recover royalties. The complaint alleged that the defendant kept false books, rendered false statements and made sales for which it did not account. The court held that the action was one on contract, not fraud, stating (276 N.Y. at page 264, 11 N.E.2d page 904, 114 A.L.R. 521): "The only purpose which serves the plaintiffs in pleading the fraud is to avoid the statute of limitations; that is to say, the plaintiffs, within the six years, would have had the same right to recover with or without the allegations of the fraud. The fraud element is added merely to take the case without the six-year statute. This does not change the nature of the action, however, in our judgment, from an action upon contract to an action upon fraud within the meaning and purpose of this statute of limitations (section 48). To say that the complaint is framed in fraud and not upon contract may be true in theory, but in applying the statute of limitations we look for the reality, and the essence of the action and not its mere name. Whatever we may call this action, it is, so far as the statute of limitations is concerned, an action upon the contract and within the six-year statute."

In Carr v. Thompson, 87 N.Y. 160, page 165 under similar facts, the court said: "An allegation of fraud was in no sense essential to its [cause of action] perfect and correct statement; it could stand without it; omitting every such allegation it could still successfully defy a demurrer; it cannot be said to be founded on fraud; when that element is not essential; the proof of fraud becomes only necessary as the fit answer to a possible defense."

So in the instant case, any recovery which could be obtained would be based on the defendant's statutory liability, not in damages for fraud. I am of the opinion that the defendant's motion should be granted.

However, the plaintiff is not without a remedy. He may institute an action for damages based upon the alleged fraudulent representations made by the defendant. In this respect, the facts of the instant case differ from those of the case of Brick v. Cohn-Hall-Marx Co., supra. There the fraud was integrally bound up with the claim; here the fraud, if there be such, is extraneous to the defendant's statutory liability, which is the basis for the present complaint. In the Brick case the court said (276 N.Y. at page 264, 11 N.E.2d at page 904, 114 A.L.R. 521): "If there were fraud extraneous to the contract, lulling the plaintiffs into the belief that the money had been paid or would be paid, a different situation might arise. The plaintiffs in such a case would have a cause of action for the damages caused by the fraud in inducing them to let the statute of limitations arise. For instance, if before the statute expired the defendant had assured the plaintiffs that it had already sent a check or had paid, and the plaintiffs, relying upon such assurance, let the time elapse in which suit could be brought, we would then have an instance of extraneous fraud not in any way growing out of the contract. Such is not this case."

The above quotation may suggest the grounds for a new lawsuit by plaintiff against the defendant, based on defendant's alleged fraud in the settlement, thereby inducing plaintiff not to sue the defendant on her statutory liability as a stockholder until after the statute of limitations had run against such a suit.

Of course, in a suit for damages based on fraud the statute of limitations is six years and runs from the discovery of the fraud. [Civil Practice Act, § 49(5)].

Accordingly, the defendant's motion for summary judgment is granted, without prejudice to the institution of a suit by the plaintiff for damages caused by the alleged fraud practiced by the defendant. Plaintiff's cross-motion to strike out the defense is denied. Submit orders on notice.