B. C. SCHRAM, as Receiver of FIRST NATIONAL BANK-DETROIT, Appellant, v. BESSIE B. COTTON, Respondent.

Argued October 17, 1939; decided November 21, 1939.

*Robert S. Marx, Robert L. Loeb* and *Oscar M. Bate* for appellant.

501

*Paul G. Reilly* and *Allen W. Maddren* for respondent.

LEHMAN, J. Acting under authority conferred upon him by act of Congress, the Comptroller of the Currency of the United States, on May 16, 1933, " found and declared " that it appeared to his satisfaction that, in order to pay the contracts, debts and engagements of First National Bank-Detroit, it was necessary to enforce the individual liability of the stockholders of such bank as prescribed in the Revised Statutes of the United States (§§ 5151, 5234). Accordingly, he levied an assessment and requisition upon the stockholders of First National Bank-Detroit for twenty-five million dollars to be paid by them on or before the 23d day of June, 1933. The time of payment was subsequently extended to July 31st. By such levy and assessment the liability of each stockholder for the payment of the amount of the par value of the shares of stock owned by him became fixed.

The defendant, a resident of the State of New York, is the record owner of five hundred shares of the capital stock of Detroit Bankers Company, a Michigan corporation. Its corporate purpose as set forth in its articles of association was " to acquire, own, hold, vote and exercise all rights of ownership of, and to sell, and dispose of shares of the capital stock of banks and trust companies * * *." It was formed by stockholders of five banking corporations in Michigan. They exchanged their stock in these banking corporations for stock in the holding corporation. That corporation became the holder of practically all of the stock of the five banking corporations and its directors completely controlled these banking corporations. It had no assets other than stock in banking corporations. Claiming that each shareholder of the Detroit Bankers Company, the holding corporation, is liable under the assessment

levied by the Comptroller upon the stockholders of the First National Bank-Detroit, as if such shareholders of the Detroit Bankers Company were the record owners of the number of shares of stock of the bank held by Detroit Bankers Company " in the percentage and fraction that his holdings of said Detroit Bankers Company stock bore to the total number of Detroit Bankers Company shares outstanding," the receiver of the bank brought this action against the defendant to enforce such liability.

The material allegations of the complaint are not controverted by the defendant. The individual liability for the debts of First National Bank-Detroit imposed by the Revised Statutes became fixed when the assessment was levied upon the stockholders of the bank, and a cause of action in favor of the receiver of the bank against each of the shareholders of the bank accrued not later than the date when the assessment was payable. The defendant does not dispute that, nor does the defendant dispute that each holder of shares of capital stock in the holding company is liable for his proportionate part of any statutory liability which might be imposed upon the holding corporation as if such holder of shares of the holding corporation had been the record owner of his proportionate part of the bank stock held by the holding company. The sole defense urged is that the cause of action alleged in the complaint is barred by the Statute of Limitations of the State of New York.

The action was begun more than three years and less than six years after the cause of action accrued. " An action against * * * a stockholder of a moneyed corporation, or banking association, * * * to enforce a liability created by the common law or by statute " must be commenced within three years after the cause of action accrued. (Civ. Prac. Act, § 49.) The statutory period of limitation of this State is applicable in an action brought here to enforce the individual liability of the stockholders of a national bank for the debts of the bank in accordance with the acts of Congress which create and regulate such liability, since no other period of limitation is prescribed by these acts.

(*Pufahl* v. *Estate of Parks*, 299 U. S. 217.) The Appellate Division has held that the three-year period of limitation for an action to enforce the liability created by statute applies here and, accordingly, has granted summary judgment in favor of the defendant.

In construing a similar complaint in an action brought, like the present action, in this State against a shareholder of the same holding corporation to compel payment by such shareholder of his proportionate part of the same assessment levied on the stockholders of First National Bank-Detroit, we said that " It is difficult to place in any recognized classification the relation of the dominant corporation and its stockholders towards the banks which it controls. Perhaps the stockholders of the dominant corporation may be treated as stockholders of each subsidiary bank, and, as such, subject to liability created by the statute for their *pro rata* share of the debts of each bank; but there are additional allegations in the complaint that each stockholder of the dominant corporation has, by contract, expressly assumed such liability." (*Schram* v. *Keane*, 279 N. Y. 227, 231.)

The plaintiff-appellant urges that because the complaint, which is now before us, contains similar allegations that each stockholder of the dominant corporation has, by contract, expressly assumed the obligation to pay his *pro rata* share of the statutory liability imposed upon stockholders of a bank for the debts of the bank, the cause of action set forth in the complaint is " upon a contract obligation   *   *   * express or implied " to which the six-year period of limitation contained in section 48 of the Civil Practice Act applies. The same question was raised but was not decided in the earlier case for there we found that the action was timely even if the three-year period applies. Now we must decide whether the three-year or the six-year period applies to a cause of action to enforce the statutory liability which the stockholders of Detroit Bankers Company *expressly* assumed.

For some purposes and in some respects the individual liability of stockholders of a bank for the debts of the bank.

though created by statute, is a " contract obligation."
(*Backus* v. *Connelly*, 268 Mich. 495; *Coombes* v. *Getz*, 285
U. S. 434.) That is true because a person who voluntarily
acquires stock in a corporation thereby impliedly agrees
to assume every obligation or burden which the law attaches
to the ownership of the stock — though he may not know
that the law attaches a particular obligation to ownership
of the stock, and might have been unwilling to assume it
if he had known. None the less the three-year period of
limitation imposed by section 49 of the Civil Practice Act
upon actions against stockholders of a moneyed corporation
" to enforce a liability created by  *  *  *  statute,"
applies, it is clear, to an action upon that form of " con-
tract obligation." The Federal courts in an unbroken
line of decisions have held that the stockholders of Detroit
Bankers Company are " stockholders " of the First National
Bank-Detroit within the meaning of that term as used in the
statutes imposing on the " stockholders " of a national bank
an individual liability for the debts of the bank. (*Barbour*
v. *Thomas*, 86 Fed. Rep. [2d] 510; certiorari denied, 300
U. S. 670; *Strasburger* v. *Schram*, 93 Fed. Rep. [2d] 246;
*Schram* v. *Smith*, 97 Fed. Rep. [2d] 662.) The stockholders
of the dominant corporation became subject to that liability
when they acquired their stock, because the acts of Congress
attached such liability to ownership of the stock regardless
of whether or not the stockholders were in fact willing or
intended to assume that liability, and in an action to enforce
that liability the three-year period of limitation concededly
applies.

It is not, however, disputed that the stockholders of
Detroit Bankers Company were not only willing to assume
the individual liability for the debts of the banks and trust
companies controlled by that company which the statutes
*imposed* upon the stockholders of those banks and trust
companies but that, in express terms, they agreed to accept
such liability.

That is shown by the allegations of the complaint that:

" In order to satisfy state and federal authorities, and
in order to obtain and hold public confidence, and to assure

the depositors and creditors of said banks and trust companies that they were the real, true, actual and beneficial shareholders of said banks and trust companies, and that the liability imposed by the laws of the United States and of the State of Michigan upon the shareholders of national and state banks respectively, for the security and protection of the depositors and creditors thereof, still rested upon the real, true, actual and beneficial owners of said bank and trust company shares, notwithstanding the fact that said shareholders thereof went through the form of exchanging said shares for shares in said Detroit Bankers Company, the stockholders of the Detroit Bankers Company caused to be inserted in the Articles of Association of Detroit Bankers Company, as Article IX-A thereof, the following section, to wit:

" ' The holder of each share of common stock of this corporation shall be individually and severally liable for such stockholder's ratable and proportionate part (determined on the basis of their respective stockholdings of the total issue and outstanding stock of this corporation) for any statutory liability imposed upon this corporation by reason of its ownership of shares of the capital stock of any bank or trust company, and the stockholders of this company, by the acceptance of their certificates of stock of this company, severally agree that such liability may be enforced in the same manner and to the same extent as statutory liability may now or hereafter be enforceable against stockholders of banks or trust companies under the laws under which said banks or trust companies are organized to operate. A list of the stockholders of this company shall be filed with the Banking Commissioner and the Comptroller of the Currency, whenever requested by either of those officers.' "

It has been said that under article IX-A a secondary liability arises, based upon the express agreement of the stockholders of Detroit Bankers Company to assume the primary liability imposed by the statutes upon the stockholders of First National Bank-Detroit (*Backus* v. *Connelly*,

*supra*), and that an action to enforce that secondary liability is subject to the period of limitations applicable to actions upon a " contract obligation " rather than the period of limitations applicable to statutory causes of action. (Cf. *Schram* v. *Smith, supra.*) A single act or default causing a single injury may constitute a breach of different duties and give rise to causes of action based upon different grounds of liability and subject to different statutory periods of limitation. (*Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287.) Here the complaint alleges, however, only one breach of duty and one ground of liability, *i. e.*, the failure of the defendant to pay the assessment pursuant to the statutes which impose an individual liability upon the stockholders of a national bank.

A voluntary promise to assume a duty or liability, which the law imposes even where there is no promise, creates no new duty or liability. (Cf. *Barbour* v. *Thomas, supra*, at pp. 517, 518.) Nor would the receiver be in a better position if the liability of stockholders of the dominant corporation rested solely upon their agreement to assume the liability of stockholders of the subsidiary moneyed corporation, for that agreement was only to assume the statutory liability " enforced in the same manner and to the same extent as statutory liability may now or hereafter be enforceable against stockholders of banks or trust companies," etc. Clearly, as the Appellate Division has held, under a fair construction of that agreement, the liability assumed is the statutory liability to be enforced within the period of limitation applicable to a statutory liability. To hold that the action to enforce the statutory liability imposed upon stockholders of the bank, which has been expressly assumed by the stockholders of the dominant corporation, is governed by a different Statute of Limitations from that which governs an action to enforce the statutory liability impliedly assumed by the stockholders of the bank when they acquire their stock, would exalt form over substance. The problem concerns less the construction of the contract of the defendant than the construction of the

New York statute, and in the solution of that problem the decisions of the courts of Michigan and of the Federal court furnish little help.

The judgment should be affirmed, with costs.

CRANE, Ch. J., HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment affirmed.