## DOWNEY v. PALMER.
### No. 361.

Circuit Court of Appeals, Second Circuit.

Aug. 12, 1940.

Benjamin W. Moore, of Yonkers, N. Y. (Milton L. Romm, of Yonkers, N. Y., of counsel), for appellant.

John J. O'Connor, of New York City (J. Daniel Dougherty, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff is the receiver of an insolvent national bank upon whose stock the comptroller of the currency levied an assessment of 100 per cent. payable June 18, 1934. On September 22, 1938, the receiver commenced the present action. The complaint alleges that the assessment upon stock owned by the defendant amounted to $62,000, and payment thereof was duly demanded; that on September 26, 1935, the defendant acknowledged in writing the indebtedness, and on October 22, 1935, she paid $35,000 upon account, leaving a balance due and owing of $27,000. For such balance, with interest, judgment was demanded. The defendant's amended answer set up, as a first defense, that her payment of $35,000 was accepted by the bank's receiver, predecessor of the plaintiff, in full satisfaction and discharge of her indebtedness upon the stock assessment; and, as a second defense, that the cause of action stated in the complaint was barred by the statute of limitations. To the first defense the plaintiff filed a reply, alleging that the release obtained by the defendant upon payment of $35,000 to the plaintiff's predecessor was obtained by false and fraudulent representations as to the amount of her assets and that upon discovery of such fraud in September, 1938, the plaintiff elected to rescind the said agreement of settlement and release; wherefore he demands judgment that such release be declared void and rescinded and that he have judgment as prayed in his complaint.

Upon these pleadings the defendant moved, with supporting affidavits, for summary judgment on the ground that her second defense was a bar to the action; and the plaintiff made a cross motion to dismiss said second defense as insufficient in law. The plaintiff's cross motion was denied and the defendant's motion was granted, but without prejudice to the institution by the plaintiff of an action based upon the alleged fraud of the defendant. Pursuant to such order, judgment was entered dismissing the complaint with costs to the defendant.

If the complaint be viewed as the plaintiff originally conceived it, namely, a

claim for a balance due on the stock assessment, the decision of the district court is plainly correct. Since there is no federal statute limiting the time to bring an action to enforce the liability of stockholders under 12 U.S.C.A. § 64, the state statutes of limitation are applicable. McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L. Ed. 437; Pufahl v. Estate of Parks, 299 U.S. 217, 225, 57 S.Ct. 151, 81 L.Ed. 133. The New York statute provides that such an action must be brought within three years. N. Y. Civil Practice Act, § 49(4). Meeker v. Oramam Realty Corp., 281 N.Y. 868, 24 N.E.2d 502; Schram v. Cotton, 281 N.Y. 499, 24 N.E.2d 305. The present action was too late unless the defendant's written offer of compromise, which was verified September 26, 1935, can be used to toll the statute, as provided in N. Y. Civil Practice Act § 59. Her offer stated that an assessment of $62,000 had been made against her on account of her stock, set out the assets she had, and offered to pay $32,000 in complete satisfaction of the assessment. Although this writing recognizes the indebtedness, it does not indicate an intention to pay more than $32,000, and that sum was offered only on condition of obtaining a release of all liability. Such an offer does not toll the statute; no promises to pay in full can be inferred from the writing. Lincoln Alliance Bank v. Fisher, 247 App.Div. 465, 286 N.Y.S. 722; Williston, Contracts, 2d ed., § 181.

The allegations of fraud in the reply raise an issue as to the validity of the release pleaded as the first defense. Such allegations were relevant only as an answer to the defense of the release. See Carr v. Thompson, 87 N.Y. 160, 164. And the relief asked was not damages caused by the fraud but rescission of the release and judgment as prayed in the complaint. If such rescission were granted, the first defense would be vitiated but the second defense would remain unaffected, for the complaint would still allege only a claim based on the statutory liability of a stockholder, as to which the limitation for suit is three years. In somewhat similar situations it has been held in New York that allegations of fraud do not change the nature of the action so as to make applicable the six year rather than the three year statute of limitations. Brick v. Cohn-Hall-Marx Co., 276 N.Y. 259, 11 N.E.2d 902, 114 A.L. R. 521; Cohen v. City Company of New York, 283 N.Y. 112, 27 N.E.2d 803. These cases, however, would not prevent a federal court from permitting an action framed as one on a statutory assessment to be converted into one for the recovery of damages based on fraudulent misrepresentations.

It is urged that reading the complaint and the reply together it appears that the plaintiff may be able to make out a case of fraud to which the six year statute of limitations is applicable. N. Y. Civil Practice Act, § 48(5). That the plaintiff may have such a case was recognized by the district court in awarding judgment without prejudice to the institution of an action for damages based upon the alleged fraud. In view of the liberality in pleading and the free power of amendment given by the new Federal Rules of Civil Procedure— particularly Rule 15(b), 28 U.S.C.A. following section 723c, relating to amendments to conform to the proof, and Rule 54 (c), providing that every final judgment shall grant the full relief to which the party is entitled, even though not demanded— it is argued that the present action should have been considered as one for damages for fraud, and that it was error to grant summary dismissal of the complaint for what was at most a defect in pleading. Cf. Seaboard Terminals Corp. v. Standard Oil Co. of New Jersey, 2 Cir., 104 F.2d 659, 660. No request to amend the pleadings was made to the district court. However, since the court recognized that a cause of action might exist for damages resulting from the fraud alleged in the reply, we think it should not summarily have dismissed the complaint before trial. Dismissal should have been conditioned on failure of the plaintiff to reframe his complaint, within such time as the court might set, so as to state a cause of action to which the three year statute of limitations would not apply. To require a new action to be brought instead of permitting the pending action to go on to trial, with proper amendment of the complaint to convert the action into one for fraud, seems an unnecessary and undesirable insistence upon the original form of the plaintiff's statement of his case, which the new Rules were designed to avoid. The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

CLARK, Circuit Judge (concurring).

While I think the plaintiff's pleadings can doubtless be improved by amendment,

118

and am thereafter satisfied with the result here reached, yet even amendment does not appear to me to be strictly necessary as the pleadings stood below. For the plaintiff has been allowed to plead, as a counterclaim in his reply, a claim for rescission of the agreement of settlement, together with judgment for the money asserted to be due. Downey v. Palmer, D. C. S. D. N. Y., 31 F.Supp. 83. See also D. C. S. D. N. Y., 27 F.Supp. 993, where defendant was later granted permission to amend her answer before the judgment of dismissal was entered. D. C. S. D. N. Y., 32 F.Supp. 344. A counterclaim in a reply is permitted, Federal Rules 13 and 18(a), and thus the claim for rescission was legally pleaded. Such a claim is within the period of limitation allowed for fraud claims, Schenck v. State Line Teleph. Co., 238 N.Y. 308, 144 N.E. 592, 35 A.L.R. 1149; Hopkins v. Lincoln Trust Co., 233 N.Y. 213, 135 N.E. 267, and damages may be given as an incident to it. Equitable Life Assur. Soc. v. Kushman, 276 N.Y. 178, 184, 11 N.E.2d 719. Hence it would seem to me that there was already before the court an adequate claim for all the relief the plaintiff needs.