In the Matter of the Final Judicial Settlement of RUTH KENT STEELE, as Executrix, etc., of FRANK B. STEELE, Deceased. RUTH KENT STEELE, as Executrix, etc., Respondent; FRANK M. TAIT, Appellant.— Decrees so far as appealed from modified on the law and facts, without costs, and matter remitted to the Surrogate's Court to proceed in accordance with the memorandum. Memorandum: We regard the use of the words " my indebtedness to you " as an intention on the part of the testator to recognize an existing debt, and we find in the record nothing inconsistent with an intention on the part of the testator to pay it. It meets the requirements of section 59 of the Civil Practice Act, and, therefore, the claim should be allowed. (*Manchester* v. *Braedner*, 107 N. Y. 346; *Connecticut Trust & S. D. Co.* v. *Wead,* 172 id. 497; *Lincoln-Alliance Bank & Trust Co.* v. *Fisher*, 247 App. Div. 465.) The finding that there was no acknowledgment of an existing liability should be disapproved and reversed. A new finding should be made to the effect that the deceased recognized the existence of his indebtedness on the promissory note and an intention to pay the same with interest is inferred from the evidence and the claim should be allowed. The decrees in so far as appealed from should be modified and the matter remitted to the Surrogate's Court to proceed in accordance with this memorandum. All concur. (The decree disallows a claim against the estate of decedent for principal and interest alleged to be due on a promissory note executed by decedent in favor of claimant. The portion of second decree appealed from dismisses claimant's claim.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.