Decedent died on September 26, 1942, and letters testamentary were issued to his widow and the corporate executors on January 12, 1943. On March 4, 1943, the widow filed a claim based upon a $5,000 note, dated July 21, 1931, made by decedent and payable to her on demand, with interest at 6%. The note was executed and delivered by decedent to claimant prior to their marriage. The Surrogate held that two letters, dated May 8, 1934, and October 20, 1937, signed by decedent and delivered to claimant, were sufficient to toll the Statute of Limitations as to the principal indebtedness, but held that interest at 6% can be allowedi only from October 20, 1937, the date of the last letter, to January 12, 1943, the date the letters testamentary were issued. The Surrogate also held that since the widow had not promptly pursued her available remedy and promptly sought an allowance of her claim, she was not entitled to interest at the rate of 6%, but only at the rate of interest earned by the estate, which was 2.99%. Decree of the Surrogate’s Court, Kings County, modified on the law and the facts by striking out the last ordering paragraph and inserting in place thereof a provision allowing the claim, with interest at the rate of 6% per annum from July 21, 1931, and directing the executors to pay it. As thus modified, the decree, insofar as appealed from, is unanimously affirmed, with costs to appellant, payable out of the estate, and the matter remitted to the Surrogate’s Court for the entry of a decree accordingly. Acknowledgement of the debt as due and owing carries with it the incidents of the original contract, one of which necessarily was the payment of the interest specified in the note. '{Matter of Steele, 262 App. Div. 938; Lincoln-Alliance Bank é Trust Co. v. Fisher, 247 App. Div. 465; see, also, Mowry v. Saunders, 33 R. I. 45; Neale’s Estate, 14 Pa. Dist. R. 227.) Assuming the widow did not promptly prosecute her claim, the record discloses ample reasons for the delay. Present — Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ.