OPINION OF THE COURT
Marie-Louise S. Nickerson, J.
Both parties move for summary judgment on the following facts:
On August 5, 1968, defendant sold a business known as O’Neill’s Glenmore Luncheonette, to Mary and Edward Zgutowicz. The bill of sale transferred among other things the lease, stock in trade, and fixtures, and recited that "the said property and each and every part thereof, is free and clear of any and all liens, mortgages, security interests, levies, debts, taxes or other claims or encumbrances.” One attorney, since deceased, represented both parties. Two and one-half months *933 later, on October 26, 1968, Mr. and Mrs. Zgutowicz resold the luncheonette.
On February 19, 1971, a tax warrant naming defendant and the Zgutowiczes as debtors was issued by the State Tax Commission for taxes due during the period November 30, 1966 through August 5, 1968, the date the business was sold. The total tax due, with interest and penalties, was $617.04.
At some time in 1976, defendant petitioned the Tax Appeals Bureau for a hearing "for Revision of a Determination or Refund of Sales and Use Taxes * * * for the Period[s] 11/30/ 66-8/5/68.” The hearing took place on September 15, 1976, and by letter dated August 2, 1977, the Tax Commissioner denied the application and sustained the assessment.
Plaintiffs are the sole heirs of Edward and Mary Zgutowicz, who died in 1972 and 1976 respectively. In order to convey clear title to the Zgutowicz residence, they paid the State Department of Taxation by check dated September 6, 1977, the sum of $1,158.57 in full settlement of the tax warrant which had become a lien on that residence.
Subdivision (c) of section 1141 of the Tax Law requires a purchaser of the business assets of "a person required to collect tax” to "notify the tax commission * * * of the proposed sale”. The section also provides that failure by the purchaser so to notify subjects the consideration paid by purchaser "to a first priority right and lien for any such taxes * * * determined to be due from the seller”. In addition, the section makes the purchaser "personally liable for the payment to the State of any such taxes”.
This section of the Tax Law gives the State not only a first priority lien on the moneys paid to the seller to the extent of the tax due, but also a lien on the purchasers’ property. Plaintiffs now sue to recover from defendant the amount which they paid to the State.
Since the transaction between the Zgutowiczes and defendant took place in 1968, the six-year Statute of Limitations has run, unless the limitation period has been revived, reinstating the remedy for an obligation which was not destroyed by the statute (Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 676), by reason of defendant’s application to the State in 1976 to revise the prior tax determination.
The common-law rule that the "acknowledgment or promise to perform a previously defaulted contract obligation was effectual, whether oral or in writing * * * to start the Statute *934 of Limitations running anew”, has been, since 1948, qualified by statute. (Scheuer v Scheuer, 308 NY 447, 450-451.)
Section 17-101 of the General Obligations Law requires that an acknowledgment or a new promise be in writing, signed by the party to be charged. In Lincoln-Alliance Bank & Trust Co. v Fisher (247 App Div 465, 466) the court deemed "the correct rule to be” that "the writing must recognize an existing debt, and should contain nothing inconsistent with an intention on the part of the debtor to pay it.”
The statute does not mention the nature of the acknowledgment nor the form it must take.
The reporting of an indebtedness in the corporate balance sheets annexed to a Federal Excess Profits Tax Return and signed by the deceased debtor, has been held sufficient. (Matter of Meyrowitz, 114 NYS2d 541, affd without opn 284 App Div 801, app den 284 App Div 844.)
There the court (Meyrowitz, supra, p 546) found that in addition to being for the use of the tax authorities, the return and balance sheets were "intended by decedent to constitute an acknowledgment of a debt justly due from him to the corporation * * * and the decedent admitted his debt in that amount.”
The court (p 546) went on to say that "There can be no doubt on this record that the decedent understood the full import of his representation * * * he knew * * * the balance sheets * * * set forth the debts * * * he had * * * explicitly acknowledged and which he had never in any manner attempted to repudiate.” This was "an unqualified and absolute acknowledgment of the existence of the debt sufficient to prevent its being barred by the Statute of Limitations.” (Meyrowitz, supra, p 547.) The question of to whom the acknowledgment must be made was not raised in Meyrowitz. In answering the question whether an alleged acknowledgment in an answer to a petition in a proceeding in the Surrogate’s Court was a sufficient acknowledgment to toll the statute where the creditor was not a party to the proceeding, the court in Matter of Kendrick (107 NY 104, 110) found that "the acknowledgment * * * was not made to the appellant, nor to his agent, nor to anyone acting in his behalf, nor was it intended to be communicated to him, or to influence his conduct.” The court held that "An * * * acknowledgment made under such circumstances, to a stranger, is not effectual”.
*935 The New York Law Revision Commission in its report for 1952 (p 214) stated that the general rule is that the acknowledgment which will toll the running of the Statute of Limitations "must be made to the creditor or to someone authorized to act in his behalf.”
But, the court in Matter of Sonnenthal (39 Misc 2d 901, 903) citing Kendrick, asserted the rule to be, where there is acknowledgment to a stranger, that "the acknowledgment will be effective if it appears that it was the intention of the debtor that the acknowledgment should be communicated to and should inñuence the action of the creditor.” (Emphasis supplied.)
In the case at bar defendant applied to the Tax Appeals Bureau for a hearing to revise a prior tax determination at a time when the heirs and next of kin of Mr. and Mrs. Zgutowicz were attempting to clear title to their parents’ property. This was nearly eight years after the sale by defendant to the Zgutowiczes and nearly two years after the Statute of Limitations had run on the warranty in the bill of sale.
In determining the effectiveness of the acknowledgment "there is no occasion for resorting to any subtle or refined distinctions contrary to ordinary business understanding and rules of common sense.” (Curtiss-Wright Corp. v Intercontinent Corp., 277 App Div 13, 17.)
Common sense dictates that defendant’s application to the tax office was meant to affect or influence the creditor’s conduct.
The application was not a casual admission of a debt, but clear, written proof that defendant was aware of the obligation; that he acknowledged the debt; and, in challenging the determination he was attempting to reduce the amount of an obligation which it is fair to infer he intended to pay. Certainly there was no repudiation by defendant, and the application contained nothing inconsistent with an intention on defendant’s part to pay. Under the circumstances, the limitation period was revived in 1976.
Plaintiffs’ motion for summary judgment against the defendant is granted in the amount of $1,138.82, with interest from September 6, 1977, costs and disbursements.